# Hill *v.* Birmingham Union Railway Company.

*Action by Passenger for Personal Injuries.*

1. *Contributory negligence; special plea may be waived.*—In an action for personal injuries where the issue, of contributory negligence is tried in the court below without objection, and without a special plea filed by the defendant, the rulings of the lower court on such issue will be reviewed on appeal.

2. *Same; passing from one dummy line car to another while train is in motion.*—The running board of a dummy line car and the steps of a closed car, not being intended as a means of passing from one car to another, where a passenger is injured in attempting to pass by such means from car to car, while they are in motion, he is guilty of contributory negligence, which will defeat a recovery notwithstanding the trainmen were negligent in suddenly increasing the speed of the train.

3. *Same; not excused by usage or custom.*—Where the act relied on by a dummy line company in the defense of contributory negligence, when sued by a passenger, consisted of the passing of the plaintiff from one car to another, by means of the running board and steps, while the cars were in motion, plaintiff's case can not be aided by proof of a custom on the part of passengers to do the same thing, such act being obviously dangerous.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WILLIAM W. WILKERSON.

This was an action brought by the appellant against the

[Hill v. Birmingham Union Railway Co.]

appellee, and sought to recover damages for personal injuries alleged to have been sustained by reason of the defendant's negligence. There was judgment for the defendant and plaintiff appeals.

The facts of the case are sufficiently stated in the opinion. Upon the examination of the plaintiff as a witness he was asked the following question: "Whether or not he knew it was customary for passengers to pass from one car to another while the train was in motion?" The defendant objected to this question, the court sustained the objection, and the plaintiff duly excepted. After stating that he had been passing over said road constantly for two or three years, the plaintiff was asked the following question: "Did not persons or passengers usually pass from one of said cars to another while the said train was in motion, stepping from the foot board to the steps of the adjoining cars?" The court sustained the defendant's objection to this question, and the plaintiff duly excepted."

Upon the examination of one W. L. Timberlake, superintendent of the defendant's road, he testified that the rules of the company were in writing posted inside the car; and was then asked the following question: "Whether or not the rules of said company prohibited passengers from standing on the running boards; and also if passengers were prohibited by said rules from passing from one car to another in the manner described in the testimony of the plaintiff, while the train was in motion." The plaintiff objected to this question, on the ground that if said rules were in writing, the best evidence was the rules themselves. The court overruled his objection, and the plaintiff duly excepted to the witness testifying if there were such rules.

On cross-examination the said Timberlake was asked "If it was not usually customary for persons or passengers to pass from one car to another by way of the foot-boards to the steps of said car." The defendant objected to this question, which objection was sustained by the court, and the plaintiff duly excepted.

Upon the introduction of all the evidence the court, at the request of the defendant, gave the general affirmative charge in its behalf.

BUSH & BROWN, for the appellant, cited, *Birmingham Union Ry Co. v. Hale*, 90 Ala. 8; *Ga. Pac. Ry. Co. v. Hughes*, 87 Ala. 610; Beach on Cont. Neg., par. 450; *A. G. S. R. R. Co. v. Arnold*, 80 Ala. 600; *Same v. Tapia*, 94 Ala. 226; *Daniel v. Hardwick*, 88 Ala. 557.

HEWITT, WALKER & PORTER, for the appellee, cited, *Warden v. L. & N. R. R. Co.*, 94 Ala. 277; *Humphreys v. N. N. & M. V. R. R. Co.*, 10 S. E. Rep. 39; *Kansas R. R. Co. v. Robbins*, 23 Pac. Rep. 113; *Jenkins v. Maine Central R. R. Co.*, 14 Atl. Rep. 737; *San Antonio R. R. Co. v. Wallace*, 13 S. W. Rep. 567; *Langdon v. Penn. R. R. Co.*, 1 Amer. & Eng. R. R. Cases, 87; *R. R. Co. v. Jones*, 95 U. S. 439; *Hickey v. Boston & Lowell R. R. Co.*, 96 Mass. 433; *Gibson v. State*, 91 Ala. 64; *K. C. M. & B. R. R. Co. v. Crocker*, 95 Ala. 412; *S. & N. R. R. Co. v. Schauffler*, 75 Ala. 142.

McCLELLAN, J.—The inquiry of contributory negligence *vel non* was in the first instance gone into by the plaintiff, and evidence was also adduced upon it by the defendant without objection. That issue was treated by both parties throughout the trial as being in the case; and on the theory that the undisputed testimony showed contributory negligence the court gave the affirmative charge, with hypothesis, for the defendant. On this state of the record we shall treat that issue as having been presented and litigated on the trial though no plea of contributory negligence was interposed.—*Richmond & Danville R. R. Co. v. Farmer*, 97 Ala. 141.

The plaintiff attempted to step from the foot-board running along the side of an open dummy line car to the steps leading down from the platform of a close car while the train of which the cars constituted a part was in motion. The distance between the running-board and the step was variable from two and a half to three and a half feet, depending upon whether the couplings between the cars were more or less taut or slack. The conditions in this regard at the moment of plaintiff's attempt are not disclosed in the evidence. The train was approaching the crossing of another railroad, its speed being slackened as if the trainmen intended to stop before reaching the crossing as required by statute. Instead of coming to a stop, however, the speed was accelerated with a sudden jerk just as plaintiff was in the act of stepping from one car to the other, and this sudden increase of momentum threw him partially under the train where he received the injuries complained of while he still clung to the railing of the open car. Plaintiff had originally gotten on an open car in front of that from which he attempted to step at the time of the injury and finding no seat there and seeing that the other open car was crowded determined to go back to the close car for the purpose of finding a seat. To this end he got off the front car when
29

the train stopped for a railway crossing and on the foot-board of the second car, his purpose then being to go from that to the close car when the train should stop for the second crossing. But without waiting for it to stop at the second crossing though the indications were and he sup-posed that it would, he attempted to get from the second to the third car by stepping across while the train was still moving in the manner we have stated, instead of getting off on the ground and then on the close car as he had done in going from the first to the second car. This statement pre-sents the case so far as the conduct of the plaintiff is concerned in the most favorable aspect to him that any tendency of the evidence admits of. Upon it we are satisfied that as matter of law he was guilty of negligence which prox-imately contributed to his injury. Neither the running board of an open or the steps of a close dummy line car are intended to be used as a means of passing from one car to another. Ordinarily there is no necessity or occasion for passing through the trains of this class of roads and gener-ally we believe no provision is made to that end. The run-ning board of the one and the steps of the other are intended to be used merely for ingress and egress to and from the car to which they are attached. The distance between the two in this instance was at its minimum so great and at all times while the train was in motion so uncertain, in that at any moment it might increase or diminish from two and a half to three and a half feet or *vice versa* as that the hazard of at-tempting to encompass it must be obvious to any circum-spect and prudent man. This danger was not lessened in this case by the fact that the train to all appearances was about to stop because the act of stopping itself increased the chances that the relative position of the cars would be suddenly changed, and inasmuch as one instant at rest fills the requirements of the statute in this respect, this train might have come to a full stop and again got in motion —facts which almost necessarily involved a lengthening or shortening of the distance between the cars—while the plaintiff was in the act of stepping from one to the other car. The distance being thus under all circumstances con-siderable and uncertain with the probability under the par-ticular circumstances of its being suddenly materially increased or diminished, we hold that the plaintiff did an obviously dangerous thing in attempting, while the train was in motion, to pass from the open to the close car by means which were not intended for or adapted to the use he sought to make of them; and it is clear that this negli-

gence on his part proximately contributed to his injury. He, therefore, had no cause of action even conceding there was evidence tending to show negligent conduct on the part of the defendant of which he would have had a right to complain but for his own fault, as to which we are not to be understood as indicating any opinion. Plaintiff's case could not have been aided by evidence of a custom on the part of passengers on these trains to do the obviously dangerous thing which he attempted— *Warden v. Louisville & Nashville R. R. Co.*, 94 Ala. 277,—nor was it at all prejudiced by the parol evidence admitted against his objection as to the existence of a rule of the defendant company forbidding passengers to go from one car to another while trains are in motion.

We find no error in the record and the judgment of the City Court is

Affirmed.