(85 South. 262)

## JACKSON LUMBER CO. v. LAWFORD.
### (4 Div. 854.)

(Supreme Court of Alabama. Feb. 12, 1920.)

**1. Master and servant ⬨90—Care required is that of reasonable men in like circumstances.**

In servant's action, the jury cannot impose on the master a degree of care beyond that required of reasonable men in like circumstances, and guided by those considerations which ordinarily regulate the conduct of human affairs.

**2. Master and servant ⬨97(2), 101, 102(2)—Injury to servant, while throwing away defective chain, held one that the master was not bound to anticipate; master not insurer.**

Where an employé of a lumber company was directed to throw away a used chain, and on attempting to throw it from a platform was caught by a loose rivet and overbalanced and thrown from the platform. *held* that as a guard rail on the platform could not have been more than 15 or 18 inches high, and as the chain was being thrown away, the master cannot be held liable, for the danger could not have been anticipated, and the master is not a guarantor of the servant's safety.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Action by T. J. Lawford against the Jackson Lumber Company for damages for injuries suffered while in its employment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. O. Mulkey, of Geneva, and A. R. Powell, of Andalusia, for appellant.

The failure to erect banisters was not a defect, or, if a defect, existed and remained unchanged during the course of plaintiff's employment. 166 Ala. 471, 52 South. 35; 177 Ala. 487, 59 South. 264; 191 Ala. 444, 67 South. 608; 191 Ala. 398, 67 South. 604; 28 R. I. 256, 66 Atl. 576, 13 L. R. A. (N. S.) 687; 97 Ala. 240, 12 South. 88; 2 Dresser, p. 430; 158 Mass. 135, 32 N. E. 1119, 47 L. R. A. 161; 82 Mich. 1, 46 N. W. 21, 21 Am. St. Rep. 549, 151 App. Div. 432. The court should have directed a verdict for the defendant as to the third and fourth counts. Section 3910, Code 1907; 192 Ala. 364, 68 South. 274, L. R. A. 1915E, 369, and authorities supra.

Powell, Albritton & Albritton, of Andalusia, for appellee.

This case should be affirmed on the following authorities: 189 Ala. 548, 66 South. 517; 191 Ala. 444, 67 South. 608; 201 Ala. 333, 77 South. 995; 202 Ala. 59, 79 South. 453; 8 Ala. App. 631, 62 South. 1009; section 3910, Code 1907.

SAYRE, J. Defendant (appellant) had overhauled and repaired its sawmill plant. A chain weighing about 100 pounds had been replaced and consigned to the junk pile. Plaintiff (appellee), whose business it was to help wherever help was needed, was told to throw it off a platform, which extended out from the main body of defendant's plant. The order was given by Goodman, a person in the service or employment of defendant to whose orders or directions plaintiff was bound to conform. The chain had been laid in a coil, and plaintiff's testimony was that—

He "picked it up and breasted it to where he could tote it and handle it, using both hands, and walked to the edge, and then when he went to throw it off, the chain hung to his trousers, he supposed, and it pulled him off with it."

It seems probable from the testimony of other witnesses that a rivet in the chain, which had worked loose, caught in plaintiff's trousers. There was no theory of the evidence more favorable to the plaintiff than this. Plaintiff fell to the ground 20 to 25 feet below, and was seriously injured. In those counts which went to the jury plaintiff declared under subsection 1 of the Employers' Liability Act (section 3910 of the Code), ascribing his injury to a defect in the condition of the platform, or lumber and lath run, as it is denominated in the complaint, viz. there was no railing or guard around the outer edge of the platform; under subsection 3, ascribing his injury to the negligence of Goodman in giving his order; and under the common law, alleging that defendant had failed to exercise due care to furnish a safe place in which to work. The defense was the general issue, with leave to give in evidence any matter of confession and avoidance. Jury and verdict for plaintiff.

[1, 2] It is manifest that plaintiff's case required that he should prove that the absence of rail or guard was a defect, and that such absence was the proximate cause of his injury. The argument in support of the judgment is that the jury were properly allowed to find that due care required a guard rail around the outer edge of the platform, and, arguendo, it is said that, had there been such a rail, plaintiff might have braced himself against the weight of the chain that pulled him over. The evidence was that the use to which the platform was put, viz. the movement of sawn pieces along a raised way in the center of the run and its transfer to "dollies or buggies" alongside, which would carry it away to the kilns—this use would have prevented the construction of a rail more than 15 to 18 inches high, and the evidence further tended to show that well-regulated mills did not construct rails or guards in such circumstances. But aside from any consideration of this proof and this tendency of the evidence as to the possible character

---

⬨For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and use of a guard rail, the argument for the judgment erroneously assumes that the jury by their verdict were at liberty to impose a degree of care upon defendant beyond that required of reasonable men in like circumstances, and guided by those considerations which ordinarily regulate the conduct of human affairs. Southern Ry. Co. v. Carter, 164 Ala. 103, 110, 51 South. 147. A guard rail such as defendant's business admitted of, it may be conceded, might possibly have served to save plaintiff from injury, had he had in mind the peculiar combination of causes and events which resulted in his injury, but that it would have done so can hardly be more than a speculation. Evidently he had no such eventuality in mind, and yet the very nature of the thing he was ordered to do called attention to the alleged defect and its danger, and he was perfectly free to avoid its harmful operation. In these conditions the platform was not a cause of danger, for, in the law of negligence, danger means such contingent harm or injury as reasonable prudence ought to foresee and provide against as being in probable prospect. Drennen v. Jordan, 181 Ala. 570, 61 South. 938. The real cause of plaintiff's injury was the loose rivet, or whatever it was, of the chain that caught in his clothing; but the chain had served its time, and was being thrown aside as no longer fit for its purpose, and it is not alleged, nor is it contended, that defendant breached any duty as to that. Defendant can only be held liable on the facts in this case on a theory of the law that would involve employers in a guaranty of their employés against every character of casualty. That, of course, is not the law.

The judgment of the court is that plaintiff should not have been allowed to recover.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.

—————

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes