(90 South. 793)
**WESTERN UNION TELEGRAPH CO. v. RYAN. (6 Div. 489.)**

(Supreme Court of Alabama. Oct. 20, 1921.)

**I. Telegraphs and telephones 37(10)—Notice of inability to deliver message required.**

The law implies from the contract relation to deliver a telegraphic message a duty by the company to exercise reasonable diligence to

inform the sender if it is unable to deliver the message to the sendee.

**2. Telegraphs and telephones ☞53—Failure to notify sender of inability to deliver message must be proximate cause of mental anguish.**

Before the sender of a telegram can recover for mental anguish suffered by him on the ground that the telegraph company negligently failed to inform him of its inability to deliver the message, he must show that such negligence was the proximate cause of his suffering by proving that, if he had been informed of that fact, he would have communicated with the sendee of the message by some other means and would have secured his presence.

**3. Evidence ☞151(1)—Evidence sendee would have gone to sender if he had received message is competent.**

In an action for mental anguish caused by plaintiff's failure to have the consolation of his father-in-law's presence at the time of his wife's death, the father-in-law can testify that if he had received the message telling of the wife's illness he could and would have gone to the sender's home.

**4. Telegraphs and telephones ☞66(4)—Evidence held to show sender would have communicated with addressee if informed of nondelivery.**

In an action against a telegraph company for mental anguish resulting from the company's negligent failure to notify of its inability to deliver a message sent by him, evidence that the sendee lived only 20 miles away and could and would have been reached by automobile if plaintiff had known the telegram was not delivered *held* to warrant a finding that the failure of the company to notify plaintiff of the nondelivery was the proximate cause of the mental anguish he suffered because of the sendee's absence.

**5. Telegraphs and telephones ☞74(3)—Instruction on liability for failure to notify of nondelivery held erroneous.**

An instruction that plaintiff was entitled *to recover if the jury were satisfied that de-*fendant negligently failed to notify him of its inability to deliver a telegram, and that he suffered mental pain and anguish on account of the absence of sendee, was erroneous as omitting the requirement of a finding that the failure to notify of the nondelivery was the proximate cause of the sendee's absence.

**6. Appeal and error ☞1064(1)—Instruction authorizing recovery without proof of proximate cause is prejudicial.**

An instruction erroneously allowing recovery from a telegraph company for mental anguish caused to plaintiff, without requiring a finding that the negligence of the company relied upon was the proximate cause of the injury, was necessarily prejudicial to defendant.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action by T. N. Ryan against the Western Union Telegraph Company for damages for negligence or failure to deliver a telegram. Judgment for plaintiff, and the defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Two telegrams were sent, one on March 5th and one on March 6th, both addressed to J. W. Manderson, Grimes, Ala., delivered to the defendant at Kellerman, Ala.; the one on March 5th reading: "Please come if you can, we are all sick. [Signed] T. N. Ryan." That of March 6th reading: "Come to Kellerman. Pearl died this afternoon. [Signed] T. N. Ryan."

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, H. A. & D. K. Jones, of Tuscaloosa, and Francis R. Stark, of New York City, for appellant.

The complaint was subject to the demurrer, for failing to allege that the defendant made any agreement, or was paid any consideration to notify the sender that the message could not be delivered. 14 Ala. App. 295, 70 South. 12; 134 Ala. 269, 32 South. 722; 6 Ala. App. 643, 60 South. 970. It was error to admit testimony to show that the sendee could and would have come if the message had been delivered. 89 Ala. 587, 8 South. 132; 148 Ala. 472, 41 South. 177; 62 Ala. 180, 34 Am. Rep. 4; 77 Ala. 236; 73 Ala. 277; 166 Ala. 619, 52 South. 81, 139 Am. St. Rep. 50; 16 Ala. App. 420, 78 South. 414. The court erred in its oral charge to the jury. 158 Ala. 562, 48 South. 553, 132 Am. St. Rep. 38; 14 Ala. App. 295, 70 South. 12; 3 Ala. App. 234, 56 South. 879; 16 Ala. App. 420, 78 South. 414; 16 Ala. App. 502, 79 South. 200.

Brown & Ward, of Tuscaloosa, for appellee.

Damages for mental anguish are recoverable in this case. 3 Ala. App. 275, 57 South. 87; 12 Ala. App. 317, 66 South. 903; 11 Ala. App. 510, 66 South. 926; 164 Ala. 234, 51 South. 176, 137 Am. St. Rep. 35; 146 Iowa, 743, 126 N. W. 969. The jury could infer from the evidence that the sendee would respond. 48 South. 117; 159 Ala. 254, 48 South. 712; 3 Ala. App. 263, 56 South. 854. The insistence as to the pleadings was ruled against the contention of the appellant in the following cases: (Ala. Sup.) 89 South. 299; 197 Ala. 81, 72 South. 356; 3 Ala. App. 263, 56 South. 854.

SOMERVILLE, J. [1] In the recent case of W. U. T. Co. v. Barbour, 89 South. 299,[1] we held, upon very deliberate consideration, that when a telegraph company is unable after due diligence to deliver a message to the sendee, the law implies from the contract relation a duty to promptly exercise reasonable diligence in informing the sender of such inability and failure. We are now urg-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ed to reconsider that question and to repudiate the doctrine there announced.

We are satisfied, however, with its rationale as well as its sound policy, and now reaffirm it.

The complaint herein, which seeks a recovery for defendant's violation of that duty, is identical with, or substantially like, the complaint in the Barbour Case, supra, which we held to be sufficient against the numerous grounds of demurrer assigned. We therefore hold, without further discussion, that the demurrer herein was properly overruled.

[2] In order to recover under such a complaint, plaintiff was bound to prove, not only the breach of duty complained of, but also its proximate causation of the injuries alleged—i. e., that if the sender had been informed with reasonable promptness of defendant's failure to deliver his telegram to his father-in-law, he could and would have seasonably communicated with him by some other available means, and that he (the father-in-law) could and would have responded to the message by going to the sender's home in time to afford him the consolation and help, the deprivation of which resulted in the mental anguish of which he complains.

[3] The trial court did not err in permitting the sendee, Manderson, to testify that had he gotten the message he could and would have gone to the sender's home at Kellerman. Such testimony has been long since held admissible in that form, and we are not now disposed to reopen the question. W. U. T. Co. v. Heathcoat, 149 Ala. 623, 631, 43 South. 117; W. U. T. Co. v. Benson, 159 Ala. 254, 274, 48 South. 712.

[4] It is insisted for appellant that the evidence does not show that, had the sender of the message been promptly notified of nondelivery, he could have procured the presence of the sendee in time for his wife's funeral and seasonably for his aid and comfort. We think, however, that that question was fairly one of inference for the jury.

The sendee was at home on the 5th and 6th of March, the dates on which the two messages were delivered for transmission, and was able and willing at that time to go to his son-in-law's. He was living near Grimes "in March," and the jury could well infer that he was also accessible, and able and disposed to do, on Sunday, what he could and would have done the day before. Moreover, plaintiff testified that he could have reached his father-in-law by automobile, and thus procured his presence. He was not more than 20 miles away, and a few hours would have sufficed for going and returning. Hence, whether or not plaintiff was injured by the breach of duty in question was on the whole evidence a question of fact for the jury.

[5] The trial judge, however, instructed the jury that plaintiff was entitled to recover if they were reasonably satisfied that defendant was negligent in its failure to notify him of its inability to deliver the telegrams, and that he suffered mental pain and anguish on account of the absence of his father-in-law.

[6] This we think was manifestly erroneous, because it relieved plaintiff of the burden of proving an essential part of his case, viz., that the breach of duty charged was the proximate cause of his mental suffering—which necessarily included proof that plaintiff could and would have seasonably reached his father-in-law by other means, and that he could still have secured his presence in due time, and that he would have done so. As the jury were instructed, they were authorized to ignore those requirements, and to render a verdict upon the finding merely of a negligent failure to notify. Such an instruction was necessarily prejudicial, and must work a reversal of the judgment.

Other questions need not be noticed, as they will probably not recur.

Let the judgment be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.