162 So. 675

**CITY OF BIRMINGHAM v. LATHAM.**

6 Div. 636.

Supreme Court of Alabama.

June 20, 1935.

W. J. Wynn and Clarence Mullins, both of Birmingham, for appellant.

Frank M. Dixon and Bowers & Dixon, all of Birmingham, for appellee.

GARDNER, Justice.

Plaintiff's intestate was employed by the city of Birmingham as one of the guards for the prisoners, and received a fatal injury while on defendant's truck, driven by one Edwards, also in the employ of the city, and while standing erect guarding some eighteen prisoners who were seated on the truck which had no sides. Deceased was 6 feet tall, and the truck floor some 3 feet from the ground. He was standing with his back to the cab, and facing the prisoners, when, in passing under the viaduct at Twenty-first street and on Avenue A, his head contacted the concrete surface of the viaduct, producing injuries which caused his death.

At this point, which, according to some of the proof, was on the left side of the avenue and near the left wall of the viaduct, the height above the ground is only 8 feet, and the proof indicates (photograph offered in evidence) that other objects had contacted the overhead concrete at this point. On the right side of the avenue the height is 11 feet above the street surface, and the avenue itself is of sufficient width to readily permit passage on the right side where is the greater height. In approaching the viaduct, as ran the truck on this occasion, the avenue is straight for some 400 feet, and the viaduct

plainly visible, the accident occurring about 4 o'clock in the afternoon of a clear day.

The driver, Edwards, while admitting driving on the left of the middle line of the avenue, yet insists he did not go so far to the left, and so near the left wall as other witnesses testify, and offers some excuse which is somewhat confusing, but at least was for the jury's consideration.

It is, of course, understood that the left side of the avenue was the wrong side of the street, and violative of the city's ordinance. Some of the witnesses also insist the driver was exceeding the speed permitted by the city laws, though there is evidence to the contrary.

The jury returned a verdict for the plaintiff specifically under count 4, which was based upon the homicide statute, and which rested for recovery upon the alleged negligence of the city in maintaining the viaduct so that the street below (Avenue A South) was not reasonably safe for the public use.

The pleading was in short by consent, with the customary agreement relating thereto.

■ Under the undisputed proof it was the city's duty to maintain this viaduct, and we are of the opinion that whether or not it was so maintained as to render the street below unsafe for public use, and, therefore, negligently maintained, was a question for the jury.

■ Nor do we think deceased was guilty of contributory negligence as a matter of law for riding standing erect on the truck, with his back to the cab and facing the prisoners. There was no seat provided, and the proof was that it was customary for the guard to so stand—this, in order to properly guard the prisoners under his care, and in the correct discharge of his duty. This evidence was admissible for this purpose, and properly so received. Deceased is not shown to have had any knowledge of the danger, and nothing to indicate any lack of skill on the driver's part, or that deceased had any warning that he could not trust to the vigilance of the truck driver. Bradford v. Carson, 223 Ala. 594, 137 So. 426; Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610.

The authorities relied upon by the city (Warden v. Louisville & Nashville R. Co., 94 Ala. 277, 10 So. 276, 14 L. R. A. 552; Hill v. Birmingham Union Ry. Co., 100 Ala. 447, 14 So. 201; Andrews v. Birmingham Mineral R. Co., 99 Ala. 438, 12 So. 432; George v. M. & O. R. Co., 109 Ala. 245, 19 So. 784; Stoudemire v. Davis, 208 Ala. 495, 94 So. 498) deal with the question of needless exposure to risk. There is a marked distinction between those cases and one where the person charged with contributory negligence was in the discharge of his duty in the manner required by the exigencies of the occasion. As said in 45 Corpus Juris 969: "In determining whether one who has voluntarily exposed himself to danger was in the exercise of ordinary care, the fact that the act was done in the discharge of his duty is to be considered." The following cases are illustrative of the principle: Maskell v. Alexander, 91 Wash. 363, 157 P. 872; Smith v. Twin State Gas Co., 83 N. H. 439, 144 A. 57, 783, 61 A. L. R. 1015; Muhs v. Brooklyn Fire Ins. Salvage Corps, 89 App. Div. 389, 85 N. Y. S. 911.

The jury might reasonably infer that deceased was required to occupy the position he did on the truck in order to correctly discharge his duty as guard, and the question of his contributory negligence was for their consideration.

■ And if the viaduct was negligently maintained by the city to the danger of the traveling public, the fact that it was constructed in conformity to the city ordinance would not relieve the city of responsibility for such negligent maintenance. City of Montgomery v. Ross, 195 Ala. 362, 70 So. 634.

The jury could reasonably infer that the height of only 8 feet above the surface of the street required some warning signal to the public, without which negligence might well be predicated.

■ But involved in the case was the question of proximate cause, resting at the very foundation of the right of action. Count 4 alleges that the injuries were received as a proximate consequence of the negligent maintenance of the viaduct, and the plea of the general issue alone sufficed to present that fundamental matter.

■ First upon the question of negligence, it is appropriate to revert to some of our approved definitions. In Wheeler v. Standard Steel Co., 196 Ala. 634, 72 So. 254, 256, it was observed: "Upon the question of negligence, this court, in the recent case of So. Ry. Co. v. Carter, 164 Ala. 103, 51 So. 147, made use of the following

quotations which we think find some application here: 'A much-quoted definition of negligence is that of Blythe v. Birmingham Waterworks, 11 Ex. 781, as follows: "The omission to do something which a reasonable man, guided upon those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a prudent and reasonable man would not do." In commenting upon this definition Mr. Pollock has said: "Now, a reasonable man can be guided only by a reasonable estimate of probabilities." If men went about to guard themselves against every risk to themselves or others which might by ingenious conjecture be conceived as possible, human affairs could not be carried on at all. The reasonable man, then, to whose ideal behavior we are to look as the standard of duty, will neither reject what he can forecast as probable, nor waste his anxiety on events that are barely possible.' "

And upon the matter of proximate cause, this court has said: "If the wrong and the resulting damage are not known by common experience to be naturally and usually in sequence, and the damage does not, according to the ordinary course of events, follow from the wrong, then the wrong and damage are not sufficiently conjoined and concatenated as cause and effect to support an action." Mobile & O. R. Co. v. Christian Moerlein Brew. Co., 146 Ala. 404, 41 So. 17, 18. Or, as differently stated in 29 Cyc. 528, found quoted in Whitman v. M. & O. R. Co., 217 Ala. 70, 114 So. 912: "When the act and the injury are not known by common experience to be naturally and reasonably in sequence and the injury does not according to the ordinary course of events follow from the act, they are not sufficiently connected to make the act a proximate cause."

These definitions are based upon the theory that while a person is expected to anticipate and guard against all reasonable consequences, yet he is not expected to anticipate and guard against that which no reasonable man would expect to occur. Western Ry. Co. v. Mutch, 97 Ala. 194, 11 So. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179; Holt v. Fountain, 218 Ala. 661, 120 So. 149; Louisville & N. R. Co. v. Quick, 125 Ala. 553, 28 So. 14; Ruffin Coal & Trans. Co. v. Rich, 214 Ala. 633, 108 So. 596; Armstrong v. Street Ry. Co., 123 Ala. 233, 26 So. 349; Morgan Hill Paving Co. v. Fonvilla, 218 Ala. 566, 119 So. 610; Vaughn v. Dwight Mfg. Co., 206 Ala. 552, 91 So. 77; Alabama Power Co. v. Cooper, 229 Ala. 318, 156 So. 854; Alabama Utilities Co. v. Champion, ante, p. 263, 160 So. 346.

When the facts are such that reasonable men must draw the same conclusion, the question of proximate cause is one of law for the courts. The above-noted authorities suffice as illustrative of this rule. Generally, the question is one for the jury. Morgan Hill Paving Co. v. Fonville, supra.

The liability of the city under count 4 rests upon the answer to the inquiry whether such an injury was reasonably foreseeable by the city as a result of maintaining the viaduct at a height on that side of the street of 8 feet from the surface with no warning signal. Alabama Utilities Co. v. Champion, supra. The viaduct has been thus maintained by the city for a number of years. It bears some evidence of having been contacted by objects in the past, which, it may be inferred, were being transported on the street, but when or in what manner is, of course, speculative, and with nothing to indicate notice thereof to the city. But there was proof tending to show that the truck was being driven at the time on the wrong side of the street—on the left and near the left wall of the viaduct, and at a speed in excess of the city law. The question then arises as to whether or not it was reasonably foreseeable by the city that there might occur such traffic violations as to endanger some one traveling on the street, or that conditions might arise that would reasonably excuse such deviation from the proper line of travel.

Edwards, the driver, denies he was on the extreme left side, stating at one time he went "approximately on the middle of the street," though in the same connection admitting he was on "the left hand side of that mid-line of the street." His further testimony is to the effect that the height of 8 feet is "right up against that wall," and as if by way of excuse for going on the left side he states that "the viaduct at that particular place runs over Moore-Handley Hardware Company, and Moore-Handley have some doors. Their trucks are parked in there. I could not say whether there were any trucks parked in there on that day or not."

But without further discussion, in view of all the tendencies of the proof, we state our conclusion that the question of proximate cause was one for the jury's consideration.

■ There is, however, no definition of proximate cause found in the oral charge of the court, and the jury was not given instructions in harmony with the foregoing matters as to what would constitute negligence, and as to whether or not, if negligence sufficiently appeared, it was the proximate cause of the injury. In a proper consideration of the underlying principles as applicable to this case, such instructions were highly important. The trial court in his oral instructions charged the jury, to which exception was duly reserved, as follows: "Under count 4, you would ask yourself this question: 'Was that viaduct maintained with such safety devices or maintained as it would have been maintained by a reasonably prudent man familiar with that line of work and skillful in the manner of handling viaducts in cities?' Now, if your answer to that question is that it was so maintained, that it was maintained as a reasonably prudent man governing a city would have maintained it, then under count 4 the plaintiff would not be entitled to recover; but, if, in answer to that question you say, 'No; that viaduct was not maintained, as a reasonably prudent man would have maintained it,' the plaintiff would be entitled to recover under count 4, unless you are reasonably satisfied that that was one of the risks open and obvious which the plaintiff assumed as a part of his occupation, or you are reasonably satisfied that the plaintiff himself was guilty of negligence and that that negligence proximately contributed to his injuries."

It will be noted this instruction makes no reference to the matter of proximate cause, and directs a verdict against the defendant on the facts hypothesized, ignoring the question of causal connection between the negligent maintenance of the viaduct and the injuries to the deceased. The charge purports to cover the whole case so far as recovery on count 4 is concerned, the count upon which the verdict was rested. So far as concerns the result, it therefore covered the entire case.

As we have observed, the question of proximate cause was one of peculiar significance under the proof. This material issue was excluded from the jury's consideration by such an instruction. It constitutes error to reverse, under the uniform rulings of this court. Western Union Tel. Co. v. Ryan, 206 Ala. 511, 90 So. 793; Little Cahaba Coal Co. v. Arnold, 206 Ala. 598, 91 So. 586; O'Brien v. B. R., L. & P. Co., 197 Ala. 97, 73 So. 343; Louisville & N. R. R. Co. v. Christian Moerlein Brew. Co., 150 Ala. 390, 43 So. 723; Frierson v. Frazier, 142 Ala. 232, 37 So. 825.

■ There was nothing in the oral charge that could serve as corrective of this erroneous instruction, and, indeed, the matter of proximate cause was given but scant notice in said charge. True the court gave at defendant's request an instruction to the effect that plaintiff could not be awarded anything on account of the acts or failure to act on the part of Edwards. We are not prepared to agree that this action alone would in any event suffice to cure the defect of the oral charge, to which exception was reserved. However that may be, the rule is well established that the incorrect oral charge is not cured by a given written instruction. Birmingham R. L. & P. Co. v. Seaborn, 168 Ala. 658, 53 So. 241; Hotel Tutwiler Co. v. Evans, 208 Ala. 252, 94 So. 120; Alabama Cons. Coal Co. v. Heald, 168 Ala. 626, 53 So. 162; Clinton Mining Co. v. Bradford, 192 Ala. 576, 69 So. 4; Johnson v. L. & N. R. Co., 227 Ala. 103, 148 So. 822; Alabama Power Co. v. Lewis, 224 Ala. 594, 141 So. 229; American Surety Co. v. Pryor, 211 Ala. 114, 99 So. 636; Hale v. Brown, 211 Ala. 106, 99 So. 645.

■ But plaintiff insists the exception was too broad, and that as portions of the part excepted to were clearly correct, defendant can take nothing thereby. We are persuaded, however, the exception comes within the rule of Little Cahaba Coal Co. v. Arnold, 206 Ala. 598, 91 So. 586, 589, where was the holding that an exceptor is not required to split into fragments a complete statement, though it may contain dependent clauses, which, standing alone, and stated independently, would be entirely correct. As stated in that authority: "It is proper to include in the matter excepted to any part of the context which is dependent, and which enters into the main statement, and is necessary to its completeness and intelligibility."

■ We think the portion of the oral charge above set out dealt with a single thought, a single statement of liability based upon negligent maintenance of the

viaduct, and that other dependent expressions, though correct, were necessary to the completeness of the thought in the mind of the court, and which he was thus transmitting to the jury. The question of proximate cause was at the foundation of plaintiff's case, and presented by the plea of the general issue.

The exception to that portion of the oral charge herein set out constitutes error to reverse.

Count 4 was clearly defective, and whether it sufficed to state a cause of action need not be here determined; nor is a discussion of its infirmities now of importance as it will doubtless be duly amended in the light of the argument here addressed. We have said enough as a guide for another trial of the cause.

Let the judgment stand reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.