This is a negligence case.
Imogene Butler appeals from a summary judgment in favor of AAA Warehousing Moving Company, Inc. (AAA). This case is before this court pursuant to § 12-2-7(6), Ala. Code 1975.
Our review of the record reveals the following undisputed facts: Butler is a member of the Bienville Club, which is located in Mobile, Alabama. Every year since 1967, the Bienville Club has provided a reviewing stand for its members to stand on for the purpose of viewing the Mardi Gras parades. And, every year since 1968, AAA has erected, disassembled, and stored the reviewing stand for the Bienville Club.
The reviewing stand is comprised of an iron framework that is covered with plywood flooring. The stand is approximately 80 feet long. There are four levels. Each level is approximately 5 feet wide. Between each level there is a 5-inch vertical space, which separates one level from the next level.
On February 19, 1993, Butler, while watching a parade from the lowest level of the reviewing stand, sustained multiple injuries to her foot and ankle when the man standing next to her "pushed" or "bumped" her, causing her foot to get caught between one of the vertical spaces.
Thereafter, Butler filed a claim against AAA and numerous other defendants, alleging negligence and wantonness. Based on the undisputed facts, interrogatories, affidavits, and deposition testimony, the trial court entered a summary judgment in favor of AAA, as well as some of the other defendants. However, Butler appeals only from the summary judgment entered in favor of AAA.
The only issue on appeal is whether Butler presented substantial evidence that the reviewing stand was unreasonably dangerous as erected.
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher,636 So.2d 682 (Ala.Civ.App. 1994).
Once the movant makes a prima facie case showing that no genuine issue of a material fact exists, then the burden shifts to the nonmoving party to present substantial evidence regarding the existence of a genuine issue of a material fact.Porter, 636 So.2d at 684.
Substantial evidence has been defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
At the outset, we would note that the fact that Butler's foot got caught between one of the vertical spaces of the reviewing stand is not sufficient to prove negligence. See *Page 293 McKinney v. Alabama Power Co., 414 So.2d 938 (Ala. 1982).
Negligence has been defined as the "failure to do what a reasonably prudent person would have done under the same or similar circumstances." Elba Wood Products, Inc. v. Brackin,356 So.2d 119, 122 (Ala. 1978). Our supreme court has stated that "[t]he ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if care is not exercised." Havard v. Palmer Baker Engineers,Inc., 293 Ala. 301, 307, 302 So.2d 228, 232 (Ala. 1974),overruled on other grounds, Ex parte Insurance Co. of NorthAmerica, 523 So.2d 1064 (Ala. 1988). Therefore, any liability arising from a duty to act must be based on foreseeability.
We also note that foreseeability must be based on the probability that harm will occur, rather than the bare possibility. 65 C.J.S. Negligence § 4(3) (1966). Our supreme court, in Southern Ry. v. Carter, 164 Ala. 103, 110,51 So. 147, 149 (1909), stated the following:
 "A much-quoted definition of negligence is . . . as follows: 'The omission to do something which a reasonable man . . . would do, or doing something which a prudent and reasonable man would not do.' In commenting upon this definition Mr. Pollock has said: 'Now a reasonable man can be guided only by a reasonable estimate of probabilities. If men went about to guard themselves against every risk to themselves or others which might by ingenious conjecture be conceived as possible, human affairs could not be carried on at all. The reasonable man, then, to whose ideal behavior we are to look as the standard of duty, will neither reject what he can forecast as probable, nor waste his anxiety on events that are barely possible.' Pollock on Torts, 36."
(Emphasis added.)
Therefore, in applying the above law on negligence, the trial court appropriately stated Butler's burden of proof in this case:
 "Thus, to show negligence by AAA in this case, [Butler] must show that AAA reasonably should have foreseen that someone's foot would get caught in the space between the levels of the reviewing stand, resulting in injury, and that AAA failed to exercise reasonable care by leaving the space uncovered, based on the facts and circumstances AAA had before it on February 8, 1993, the day it completed erection of the stand for the 1993 Mardi Gras season."
While we acknowledge that a summary judgment is rarely appropriate in negligence cases, we agree with the trial court that this case exemplifies the rare exception.
Butler's theory of liability in this case does not rest upon the contention that AAA negligently erected the reviewing stand. Rather, she contends that AAA was negligent "in failing to recognize the hazard of the open [space] between levels of the stand, in failing to advise representatives of The Bienville Club of that hazard, and in failing to take steps to correct the hazard." Worded differently, Butler says, AAA was negligent in failing "to add" something to cover the vertical spaces.
AAA had the initial burden of making a prima facie case showing that there was no genuine issue of a material fact and that it was entitled to a judgment as a matter of law.Porter, 636 So.2d 682. It is undisputed that AAA properly erected the stand as it existed on the day of Butler's accident. John D. Brady, the president of AAA, testified that he inspected the stand every year and never considered the vertical spaces between the levels of the stand to be a safety hazard.
It is also undisputed that the Bienville Club has a "quality team," consisting of its club manager, its board of governors, and its employees. The members of this "quality team" inspect the reviewing stand each year for the purpose of discovering safety hazards. The evidence reveals that this team was fully aware of the vertical spaces between the different levels of the stand and never considered them to be a safety hazard. James D. Anderson, Jr., a forensic engineer, also testified that the reviewing stand, as erected, did not violate any safety code or standard.
AAA also presented the following facts, which the trial appropriately summarized: *Page 294 
 "7. From 1968 . . . through 1992, there were well over 300 Mardi Gras parades which went by the reviewing stand on St. Francis Street. . . . Thousands if not tens of thousands of people used the stand over this time. For example, if the stand was at least half full for each parade, there would have been more than 30,000 people in the stand. During this 25-year period, there were no accidents involving, nor complaints about, the space between the levels of the stand."
Butler also testified that she has watched between 10 and 100 parades from the stand in the last 10 to 15 years and has not encountered any problems. We, therefore, conclude that AAA satisfied its burden for a prima facie showing that it did not breach its standard of care in erecting the reviewing stand and in leaving the spaces open.
In summary, members of the Bienville Club's "quality team" and AAA's president have inspected the reviewing stand every year, since 1968, for the purpose of ensuring its safety. This fact, coupled with the absence of other accidents involving the vertical spaces, shows that the reviewing stand, as erected, was not defective or unreasonably dangerous. In fact, all the evidence tends to indicate that the probability of such an accident occurring was extremely rare. See Southern Ry. v.Carter, 164 Ala. at 110, 51 So. at 149.
In support of her contention that the vertical spaces presented a safety hazard, Butler sought to provide evidence that a child once fell through an opening in the reviewing stand. However, the trial court, in its order, appropriately explained the irrelevancy of that evidence as follows:
 "As to the incident involving a child falling through an opening in the stand, that is even more remote. As depicted in the photograph . . ., this opening was a rectangular opening in the floor of the stand several feet long and several feet wide, surrounding a traffic sign. The opening had boards and a wooden railing around it to keep anyone from falling in. The only way anyone could have fallen through was by climbing on top of or over the boards surrounding the opening, which is what the child apparently did.
 "This opening in the floor of the stand was in no way similar to the vertical space between the levels of the stand, and the child's accident was in no way similar to [Butler's]. [Butler] did not fall through an opening; her foot was caught in the vertical space in what amounted to a freak accident, something that had never occurred in the previous 25 years. . . ."
Butler then sought to introduce evidence that AAA once covered a space that existed in the staircase leading to the reviewing stand. However, AAA covered that space at the request of the Bienville Club. And, as noted by the trial court, "[t]here is no evidence that the Bienville Club made this request out of concern that someone's foot would get 'stuck' in the [space]. The evidence indicates the gap was wide enough to preclude that possibility." The trial court further noted that the "stairway and the reviewing stand are materially different structures with different uses."
It is well settled that evidence of a prior accident is admissible in regard to the issue of whether a place or a thing presents a safety hazard. However, the condition of the place or thing, in regard to the accident at hand, must be substantially the same as it was at the time of the prior accident. Burlington Northern R.R. v. Whitt, 575 So.2d 1011
(Ala. 1990). As explained by the trial court, this is not the case here.
Thus, the evidence that Butler presented in opposition to AAA's motion for a summary judgment is not of "such weight and quality that fair-minded persons in the exercise of impartial judgment [could] reasonably infer" that the unconcealed spaces in the reviewing stand presented an unreasonable safety hazard, which AAA had a duty to conceal. The fact that the accident occurred, as stated previously, is not enough to show negligence. Foresight, and not hindsight, is the standard of diligence to be applied here. Our supreme court, inClements v. Webster, 425 So.2d 1058, 1060 (Ala. 1982) (quotingCarufel v. Chesapeake Ohio Ry., 286 F.2d 193, 195 (6th Cir. 1961)), stated the following: *Page 295 
 " '. . . Foresight, not [hindsight], is the standard of diligence. It is nearly always easy, after an accident has happened, to see how it could have been avoided. But negligence is not a matter to be judged after the occurrence. . . .' "
We would also note that in her complaint, Butler contended that the man who was standing next to her negligently and wantonly "struck or otherwise knocked [her] in such a manner that her foot and ankle were caused to become caught in the [space] between levels of the reviewing stand and she fell to the floor of the reviewing stand." In fact, the manager of the Bienville Club testified that shortly after the accident, Butler stated that the man standing next to her knocked her down.
Although we will not discuss the element of proximate causation because of the absence of a breach, this allegation made by Butler in her complaint further supports the trial court's findings.
In light of the above, Butler failed to meet her burden of proving the existence of a genuine issue of a material fact. Consequently, the trial court properly entered the summary judgment in favor of AAA.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
THIGPEN, J., not sitting.