MONROE, Judge.
Stephen Morrison sued Wild Wild West Social Club, Inc., “d/b/a Plum Crazy,” and other defendants, claiming that they had negligently allowed Morrison to be physically assaulted and beaten and that their negligence was the proximate cause of Morrison’s injuries. One defendant was dismissed. A jury returned a verdict in favor of Morrison and against Wild Wild West and the other remaining defendants, assessing his damages at $35,000. Wild Wild West moved for a new trial, which was denied. Wild Wild West appeals.
It is well settled that a presumption of correctness attaches to a jury verdict and that a judgment based upon a jury verdict will be reversed only if it appears to be plainly and palpably wrong. Brannon v. Webster, 562 So.2d 1337 (Ala.Civ.App.1990). That presumption is *1230 strengthened by the denial of a motion for a new trial. Brannon, at 1337.
The evidence in the record indicates the following: On November 9, 1996, Morrison arrived at a “social club” operated by Wild Wild West, between 10:00 and 11:00 p.m. Morrison consumed “two or three beers” and around 1:00 a.m. was dancing when a Wild Wild West bouncer grabbed him and carried him outside to the parking lot. Morrison claims he is unsure why the bouncer grabbed him and carried him outside. Once outside, a Wild Wild West security guard pulled the bouncer off Morrison and began questioning the bouncer. Morrison walked toward the bouncer, and while doing so, bumped into James Graham, another security guard. At this point, two other security guards walked Morrison back to their patrol car. At some point, Graham came up to Morrison and hit him in the groin. A Wild Wild West manager then came out, apologized to Morrison, and informed him that the bouncer and Graham had been immediately fired. The evidence in the record indicates that the security guards were employed by Metropolitan Security Services and had been hired by Wild Wild West to secure the club and the surrounding area.
Two days later, Morrison went to an emergency room because he was still experiencing pain. Doctors discovered that one of Morrison’s testicles was ruptured; they-rushed him to surgery, where half of the testicle was removed. Morrison was forced to recuperate at home for almost two months.
On appeal,- Wild Wild West contends that Morrison failed to introduce substantial evidence indicating that his injuries were the foreseeable result of his ejection from the club. Morrison appears to have been a business invitee at the Wild Wild West club, and the record contains no evidence indicating otherwise. Our Supreme Court in Raney v. Roger Downs Insurance Agency, 525 So.2d 1384, 1386 (Ala.1988), held, in regards to negligence law, that “the duty owed by a premises owner depends upon the status of the injured party.” The evidence in the record indicates that Morrison entered the Wild Wild West club for a business purpose; that fact would make him an “invitee.” See Copeland v. Pike Liberal Arts School, 553 So.2d 100 (Ala.1989). Wild Wild West owed Morrison, an invitee, a duty of care to prevent him from being harmed, if it was foreseeable that without the exercise of care harm might result. See Lance, Inc. v. Ramanauskas, 731 So.2d 1204 (Ala.1999). Morrison contends that it was foreseeable that Graham, acting as security guard for Wild Wild West, would be hostile toward Morrison because Morrison had just been forcibly ejected from the club. We agree. Graham testified that his duties included breaking up fights and that Morrison was forcibly removed from the club and appeared to be having a confrontation with the bouncer. Given the totality of the circumstances, the evidence regarding these events would allow the jury reasonably to infer that Graham, acting as security guard, would become involved in Morrison’s situation.
Morrison presented substantial evidence indicating that his injuries were a foreseeable result of his ejection from the Wild Wild West club.
The dissenting opinion quotes Butler v. AAA Warehousing & Moving Co., 686 So.2d 291, 293 (Ala.Civ.App.1996), in which this court stated: “Foreseeability must be based on the probability that harm will occur, rather than the bare possibility.” *1231 Butler is distinguishable from the present ease. Butler was a personal-injury action against a company that had erected a club’s parade reviewing stand; the plaintiff claimed that the company that had erected the stand had negligently failed to recognize the hazard of open spaces between the levels of stands, to advise the club of that hazard, and to take steps to correct that hazard. Id. In Butler, we stated that the trial court correctly stated the plaintiffs burden of proof:
“Thus, to show negligence by AAA in this case, [Butler] must show that AAA reasonably should have foreseen that someone’s foot would get .caught in the space between the levels of the reviewing stand, resulting in injury, and that AAA failed to exercise reasonable care by leaving the space uncovered, based on the facts and circumstances AAA had before it on February 8, 1993, the day it completed erection of- the stand for the 1993 Mardi Gras season.”
Id at 293.
Graham testified that it was within his job description to “make”, intoxicated patrons leave the premises and to break up fights. This job description recognizes the probability that altercations, including violence, may occur. This probability is certainly distinguishable from the “bare possibility” we dealt with in Butler, a “bare possibility” that an injury could occur if a person were to have his foot “caught in the space between the levels of the reviewing stand.” 686 So.2d at 293.
Wild Wild West also contends that Morrison failed to introduce evidence indicating that his injuries were caused by an agent, servant, or employee of Wild Wild West. This claim is based on the fact that Graham and the other security guards were. employed by Metropolitan and were hired by Wild Wild.West to secure the club and surrounding premises, including the parking lot. Our Supreme Court in Malmberg v. American Honda Motor Co., 644 So.2d 888, 890 (Ala.1994), stated that the test for determining whether an agency relationship is present is the existence of a “right of control” by the potential principal over the potential agent’s manner of performance. Whether an agency relationship existed between Graham and Wild Wild West was a question to be determined by the jury. See Malmberg, at 890. The trial court instructed the jury as to agency law in part as follows:
“Part of what is in issue in this case is whether or not James Graham, the person delivering the blow, was an agent or employee of Wild Wild West or was the employee of an independent contractor, Metropolitan Patrol Service. Now, if Graham was an employee — by that, was an agent of Metropolitan Patrol Service at the time the -blow was delivered— then there is no liability on behalf of Wild Wild West.'
[[Image here]]
“So, unless Wild Wild West did, in fact, control the actions of Graham or have the right to control his actions, then they’re not responsible under the principle of respondeat superior, master-servant, [employer-employee] relationship for the acts of Graham.”
As stated, Graham testified that his duty, while he was stationed in the parking lot, was to keep the lot secure, to “make” intoxicated patrons leave, and to break up fights. Graham was clearly placed in the parking lot to act on behalf of, and for the benefit of, Wild Wild West. Graham’s job description recognizes the possibility that, altercations may occur. Based on the trial *1232 court’s instructions, the jury found in favor of Morrison finding that Graham was in fact an agent of Wild Wild West.
Last, Wild Wild West contends that Morrison failed to introduce evidence indicating that Wild Wild West occupied the premises or operated the nightclub known as Plum Crazy. This contention is based on the fact that Wild Wild West was identified in the caption of the complaint as “Wild Wild West Social Club, Inc., d/b/a Plum Crazy.” However, Wild Wild West failed to raise this argument before the trial court. It is well settled that this court will not consider issues raised for the first time on appeal. Andrews v. Merritt Oil Co., 612 So.2d 409 (Ala.1992).
The trial court’s judgment based upon the jury verdict is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
THOMPSON, J., dissents.