# Atlantic Coast Line Ry. Co. *v.* Jones.

### *Injury to Servant.*

(Decided January 12, 1915.  67 South. 632.)

*Commerce; Interstate; Injury to Servant; Law Governing.*— Where the plaintiff was injured while engaged in interstate commerce and his complaint contained a count for recovery under section 3910, Code 1907, it was reversible error for the court to decline to direct a verdict for the defendant as to a recovery on that count since the Federal Employers Liability Act has superseded all state statutes as to liability of employers to their employees engaged in interstate commerce.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Will Jones against The Atlantic Coast Line Railroad Co. for damages for injury to plaintiff while employed by the defendant. Judgment for plaintiff and defendant appeals. Reversed and remanded.

JOHN R. TYSON and A. H. ARRINGTON, for appellant. See brief on former report of this case.

WILLIAM H. & J. R. THOMAS, for appellee. See brief on former report of this case.

[Atlantic Coast Line Ry. Co. v. Jones.]

PELHAM, P. J.—After the original opinion in this case was rendered (*Atlantic Coast Line R. R. Co. v. Jones,* 9 Ala. App. 499, 63 South. 693), and while the case was before the Supreme Court on writ of certiorari, the Supreme Court of the United States rendered an opinion in the case of *Seaboard Air Line R. R. Co. v. Horton,* 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, finally and conclusively holding that the federal Employers' Liability Act of 1908 takes possession of the field of the employers' liability to employees engaged in interstate matters, to the exclusion of all state laws covering the same field. Following that holding, and applying the rule there laid down to this case when before it, our Supreme Court naturally held that there could be no recovery based on the state statute in cases arising under and governed exclusively by the federal statute (*Ex parte Atlantic Coast Line R. R. Co.,* 67 South. 256), and that, as count 3½ of the plaintiff's complaint was drawn and sought a recovery under the state statute (Code, § 3910), it was error, requiring a reversal, to refuse the general charge requested by the defendant as to a recovery on that count. It follows from what we have said that, because of the error of the trial court in refusing the defendant's general charge on count 3½ of the complaint, the judgment of that court must be reversed.

Reversed and remanded.