## Southern Railway Co. v. Peters.

### *Injury to Servant.*

(Decided May 20, 1915. Rehearing denied June 30, 1915.
69 South. 611.)

1. *Master and Servant; Injury to Servant; Complaint; Federal Employer's Liability Act.*—Where the action was for injury to the employee of a railroad, a complaint alleging that the employer was a common carrier engaged in interstate commerce, that while in the employment of his duties engaged in coaling engines, the employee in the course of his duties rolled loaded buggies of coal upon the floor of the loading shed, and because of the negligence of the company the floor was defective, causing the wheels of the buggy to break through, which resulted in the injury complained of, the same being the proximate result of the negligence of the company, sets up a cause of action under the Federal Employer's Liability Act.

2. *Same; Interstate Commerce.*—An employee working at a coal shute coaling engines on a railroad engaged in interstate commerce, and required to serve intra and interstate trains, is engaged in interstate commerce within the Federal Employer's Liability Act.

3. *Same; Contributory Negligence.*—A plea of contributory negligence filed in bar of an action under the Federal Employer's Liability Act is demurrable, since under such act, such a plea can be considered only in mitigation of damages.

4. *Same.*—Under the Federal Employer's Liability Act, the defense that the employee suing for the personal injury was guilty of negligence which alone caused the injury, is available under the general issue.

5. *Same.*—Under the Federal Employer's Liability Act, in the case of an employee seeking damages for personal injury being guilty of contributory negligence, the diminution of damages must be in proportion to the amount of the negligence attributable to the employee, the statute having no application to the case in which the injury is due solely to the negligence of the suing employee.

6. *Same; Assumption of Risk.*—The defense of assumption of risk is not taken away by the Employer's Liability Act, except in cases in

which the act causing the death or injury of an employee was in violation of a statute enacted for the safety of the employee.

7. *Same.*—In such an action a plea alleging that the employee knew of the defect causing the injury, or negligently failed to discover the same, is as much a plea of contributory negligence as of assumption of risk, and is subject to demurrer as a plea of contributory negligence.

8. *Same; Evidence.*—Where the action was under the Employer's Liability Act for an injury sustained while working at a coal shute, coaling engines on a railroad engaged in interstate commerce, it was competent for the injured employee to show that the next train expected was an interstate train, as affording an inference that when he was injured he was preparing to supply such train with coal.

9. *Same; Damages.*—An injured employee suing under the Federal Employer's Liability Act, for personal injury, if entitled to recover, may recover his expenses, loss of time, suffering, and diminished earning capacity.

10. *Same; Negligence; Independent Acts of Employee.*—Where the injury occurred while the injured employee was attempting to lift the buggy from the hole into which it had fallen in the rotten floor over which he had rolled it to the tipple, his act in lifting the buggy after it had fallen, was an independent act, and the proximate cause of his injury; hence, the negligence of the railroad company in failing to maintain the proper floor, was not the continuing sequence proximately causing the injury, and the railroad was not liable under the complaint.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Mit Peters against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded on rehearing.

The case was submitted to the jury on the following complaint: "Plaintiff  *  *  *  claims of defendant  *  *  *  the sum of  *  *  *  for damages for personal injuries in this: That on or about October 27, 1913, defendant, Southern Railway Company, a common carrier by railroad, was engaged in commerce between some of the states, and on said date plaintiff, Mit Peters, while he was employed by such carrier in such commerce, and in the performance of his duties as such employee, received personal injury, resulting in whole or

in part from a defect in the appliances or works or other equipment of defendant, which defect was due to the negligence of defendant, its agents or employees in the manner following: Plaintiff was engaged in and employed in coaling engines at the coal chute of defendant near Stevenson, Jackson county, Ala., and in the course of his duties was required to and did roll loaded buggies or carts of coal on the floor or platform of defendant made for that purpose, and by reason of the negligence of defendant, its agents or employees, said floor or platform was rotten or defective, causing the wheels of said cart or buggy to break through said floor, resulting in injury to plaintiff, in that he was ruptured and injured internally, causing great pain, expenses of doctor bills, inconvenience, and disabled to engage in his usual occupation, all to his damage as aforesaid. Said injury was the proximate result of the negligence of defendant, its agents or employees in maintaining said floor or platform in a rotten and defective condition."

The demurrers were that complaint stated no cause of action; that it is uncertain and indefinite in that it does not appear therefrom whether plaintiff is seeking to maintain the suit under the federal employer's liability statute, or under the state statute, and because the same is inconsistent and contradictory, in that it alleges that plaintiff was, at the time of his injury, employed by defendant in interstate commerce and in the performance of his duties as such employee, and sets out the circumstances under which plaintiff was injured, from which it appears that plaintiff was not, at the time of the alleged injuries, employed by defendant in interstate commerce and in the performance of his duties as such employee at the time of his injury.

LAWRENCE E. BROWN, for appellant.

BOULDIN & WIMBERLY, for appellee.

ANDERSON, C. J.—(1) The complaint in this case sufficiently sets up a cause of action under the federal Employers' Act. It sets forth every condition under which liability arises, and sets this forth substantially in the language of the statute.—35 Stat. L. 65, Fed. Statutes Annotated, Sup. 1909, p. 584. This is all that is required of the complaint.—*Grand Trunk R. R. v. Lindsay*, 233 U. S. 42, 34 Sup. Ct. 581, 58 L. Ed. 838, Ann. Cas. 1914C, 168; *Seaboard Air Line R. R. v. Du Vall*, 225 U. S. 477, 32 Sup. Ct. 790, 56 L. Ed. 1171; *A. C. L. R. R. v. Jones*, 9 Ala. App. 499, 63 South. 696. See, also, Id., 12 Ala. App. 419, 67 South. 632. The complaint was not subject to the defendant's demurrer.

(2) The plaintiff worked at a coal chute, coaling engines on an interstate road. He said: "It was the order and rules of the forman to have the buggies ready when the engine came in. We had loaded up this buggy and was rolling it up to the tipple at that time."
It also appears that the next train expected was an interstate one between Alabama and Tennessee, and which was the one the plaintiff was preparing to accommodate when he was injured. It also appears that his duties required him to serve all trains, whether strictly local or running between the states. The true test, in determining whether the injured servant comes within the purview of the federal statute, seems to be, Was the work in question a part of the interstate commerce in which the carrier is engaged? Supplying coal to an engine, by a servant employed to do so, where such engine is attached to, and used in pulling, interstate trains, is as essential to interstate commerce as is running or

repairing the engine.—*Pedersen v. Delaware R. R.*, 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153; *St. Louis & S. F. R. R. Co. v. Seale*, 229 U. S. 156, 33 Sup. St. 651, 57 L. Ed. 1129, Ann. Cas. 1914C, 156. One engaged in delivering coal to a chute to be later used in coaling both interstate and intra-state engines, is held to be engaged in interstate commerce.—*Barlow v. Lehigh Valley R. R.*, 158 App. Div. 768, 143 N. Y. Supp. 1053. Pumping water for engines used in interstate commerce is within the act.—*Horton v. Oregon, Wash. R. R.*, 72 Wash. 503, 130 Pac. 897, 47 L. R. A. (N. S.) 8. See, also, *North Carolina Co. v. Zachary*, 232 U. S. 248, 34 Sup. Ct. 305, 58 L. Ed. 591, Ann. Cas. 1914C, 159.

(3, 4) The defendant's special pleas setting up contributory negligence are in bar, not in mitigation, of damages, and the federal act permits such negligence to be considered only in mitigation of damages. Whether this should be specially pleaded in mitigation of damages or is available under the general issue we need not now determine, since said pleas are in bar and were therefore subject to the plaintiff's demurrer. If, as suggested by counsel for appellant, the pleas attempt to set up that the plaintiff's negligence was the sole cause of the injury, and that it was in no way produced through the negligence of the defendant, then they amount to a mere denial of the complaint, and the defense was available under the general issue.

(5) We fully agree with counsel and with the holding of the United States Supreme Court, that the diminution of damages in case of plaintiff's contributory negligence should be in proportion to the amount of negligence attributable to him; and this can only mean that where the causal negligence is partly attributable to

him and partly attributable to the carrier, the statute applies, and does not apply to a case in which the injury is due solely to the negligence of the plaintiff. But the pleas do not set up that the injury was caused solely by the plaintiff's negligence, and if they did, as above stated, this would be but a denial of the complaint, and available under the general issue. The point made by appellant's counsel has been dealt with in the case of *Grand Trunk R. R. v. Lindsay,* 233 U. S. 42, 34 Sup. Ct. 581, 58 L. Ed. 838, Ann. Cas. 1914C, 168, in the following language: "If, under the Employers' Liability Act, plaintiff's negligence, contributing with defendant's negligence to the production of the injury, does not defeat the cause of action, but only lessens the damages, and if the cause of action is established by showing that the injury resulted 'in whole or in part' from defendant's negligence, the statute would be nullified by calling plaintiff's act the proximate cause, and then defeating him, when he could not be defeated by calling his act 'contributory negligence.' For his act was the same act, by whatever name it be called. It is only when plaintiff's act is the sole cause—when defendant's act is no part of the causation—that defendant is free from liability under the act."

(6) While the federal act eliminates contributory negligence as a defense in bar of the action, it does not take away the defense of assumption of risk, except as to cases in which the act causing the death or the injury was in violation of a statute enacted for the safety of the employee.—*Seaboard Air Line R. R. v. Horton,* 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475.

(7) While the defendant's third plea charges an assumption of risk, yet it is in the alternative as to the

defect, that is, that the employee knew of the defect, or negligently failed to discover same, and is as much a plea of contributory negligence as one of assumption of risk, and upon demurrer must be construed more strongly against the pleader. It was therefore, like all the other special pleas, subject to the plaintiff's demurrer. We do not wish to be understood as holding that plea 3 would be a sufficient plea of assumption of risk if not in the alternative.

(8) There was no error in permitting the plaintiff to show the character of the next train that was expected, as it was an interstate train, and the jury could well infer that the plaintiff was preparing to supply it with coal, when he was injured.

(9) We do not think there was any error in the ruling as to the plaintiff's recoverable damages—that is, for his expenses, loss of time, suffering, and diminished earning power. This holding is not in conflict with the case of *Michigan Central R. R. v. Vreeland*, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176, as these items were specifically mentioned in said case as recoverable when the employee was only injured and brought the action himself, though a different rule was laid down as to the recoverable damages where death resulted and the action was brought by a representative or a dependent of the deceased employee.

The trial court committed no reversible error as to any of its rulings including the refusal of the motion for a new trial, and the judgment must be affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.

[Southern Railway Co. v. Peters.]

## ON REHEARING.

ANDERSON, C. J.—(10·) Upon a reconsideration of this case, we are of the opinion that the trial court should have given the general charge requested by the defendant. The plaintiff testified that he was injured while attempting to lift the buggy out after it had fallen through the rotten floor. Also, in answer to interrogatories propounded to him by the defendant, he said: "The injury was received while lifting the wheel of the coal buggy out of a hole it had broken in the rotten floor over which I was wheeling coal to the tipple."

It will be observed that the plaintiff did not receive his injuries as the proximate result of the rotten floor, but as the result of a subsequent, independent act of his own, in lifting the buggy after it had fallen. True the plaintiff is not liable for contributory negligence in bar of his action under the federal statute, but his conduct in this respect was not a mere contributing cause, but was the sole proximate cause of his injury. In other words, the negligence of the defendant was not a continuous sequence proximately causing the injury, as it was broken by a new, intervening cause independent of the defendant's act and which broke the causal connection.—*Ferguson v. Phoenix Cotton Mill*, 106 Tenn. 236, 61 S. W. 53; *Stenvog v. Minn. Trans. R. Co.*, 108 Minn. 199, 121 N. W. 903, 25 L. R. A. (N. S.) 362, 17 Ann. Cas. 240; *Jones v. Union Co.*, 171 Ala. 225, 55 South. 153.

The rehearing is accordingly granted, the judgment of affirmance is set aside, and the cause is reversed and remanded.

McClellan, Sayre and Gardner, JJ., concur.