## RUFFIN COAL & TRANSFER CO. v. RICH.
(6 Div. 624.)

(Supreme Court of Alabama. April 15, 1926. Rehearing Denied May 20, 1926.)

**1. Automobiles ⬳238(2)—Complaint, describing place of automobile collision as on named avenue, near named street, held sufficient to show duty.**

Complaint, describing locus in quo of automobile collision as "on Second avenue, near Fourth street, in the city of Birmingham, Jefferson county, Ala.," *held* sufficient; defendant's duty to plaintiff being shown by fact that latter's automobile was in public road.

**2. Automobiles ⬳238(8)—Complaint, alleging damages "as proximate consequence" of negligent operation of motor truck, sufficiently alleged proximate cause of damage.**

Complaint, alleging that plaintiff's automobile was damaged as "proximate consequence" of negligent operation of defendant's truck, *held* not demurrable, as not showing that defendant's negligence was proximate cause of damage.

**3. Negligence ⬳56(1)—Wrong without intervening, independent cause is proximate cause of injury.**

For wrong complained of to constitute proximate cause of injury suffered, there must be natural and unbroken sequence without intervening independent cause.

**4. Negligence ⬳62(1)—Wrong is too remote to be proximate cause of injury, if new force intervenes.**

If new force or power, sufficient of itself to cause misfortune, intervenes after wrong complained of, latter must be considered too remote to constitute proximate cause of injury.

**5. Automobiles ⬳201(9)—Street car striking automobile, thrown on track by defendant's truck, held not intervening independent cause of damage to automobile as matter of law.**

Street car, striking automobile, knocked in front of it by defendant's motor truck, *held* not independent, efficient cause of damage to automobile, as matter of law, so as to render truck driver's negligence too remote to constitute proximate cause.

**6. Negligence ⬳59—Negligent person is responsible for consequences which prudent man would have thought reasonably possible.**

One guilty of negligence should be *held* responsible for all consequences which prudent and experienced man, fully acquainted with all circumstances, whether ascertainable by reasonable diligence or not, would have thought, at time of negligent act, reasonably possible to follow, had they occurred to his mind.

**7. Automobiles ⬳245(9, 13)—Negligence of truck driver in turning without signal, and contributory negligence of automobile driver in attempting to pass, without signal, held for jury.**

Whether truck driver knew that automobile following was about to pass truck, looked back shortly before and turned suddenly to left without cautionary signal, and whether automobile driver gave customary signal before attempting to pass, *held* for jury, in action for damages to automobile, which was knocked in front of approaching street car by truck.

**8. Automobiles ⬳245(12)—Contributory negligence of automobile driver in attempting to pass between truck ahead and approaching street car held for jury.**

Whether automobile driver was negligent in attempting to pass between truck ahead of him and approaching street car, in front of which automobile was knocked by truck, *held* for jury on evidence that there was ample room to pass; that driver had no reason to anticipate truck's sudden turn to left; and that truck driver knew of automobile's approach.

**9. Automobiles ⬳245(9)—Whether driver of truck throwing automobile in front of street car should have looked before turning to left held for jury.**

Whether truck driver, in exercise of reasonable care, should have looked behind or sideways before turning to left, *held* for jury, in action for damages to automobile knocked in front of approaching street car in attempting to pass truck.

**10. Trial ⬳252(7)—Charge submitting city ordinance prohibiting automobiles from passing street cars stopping to discharge or take on passengers held properly refused, as abstract, in action for damages to automobile knocked in front of street car in attempt to pass truck.**

In action for damages to automobile struck by street car, in front of which it was knocked by defendant's truck in attempting to pass latter, charge submitting city ordinance prohibiting automobiles from passing street cars stopping to discharge or take on passengers was properly refused as abstract.

**11. Trial ⬳194(15)—Charge predicating truck driver's duty on actual knowledge that automobile was near and desired to pass truck from rear held properly refused, as invading jury's province to say whether driver should have informed himself and given signal of intent to turn.**

In action for damages to automobile, knocked in front of street car by truck while attempting to pass latter from rear, charge predicating truck driver's duty on actual knowledge that automobile was near and desired to pass *held* properly refused, as invading jury's province to say whether he was derelict in not informing himself and giving signal of intent to turn to left.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**12. Trial ⟐248.**

Abstract charge was properly refused.

**13. Evidence ⟐502—Objection to question whether witness would have given for damaged automobile before wreck amount which he had deposed that car of such model in good condition was worth held· properly sustained.**

In action for damages to automobile, objection to defendant's question whether witness would have given for automobile before wreck amount which he had deposed that car of such model in good condition was worth *held* properly sustained, where he had also said that he had never seen car, and could not approximate its value before wreck, and there was no request for his opinion as to value, or any evidence that he had an opinion, or that it would have been worth anything.

**14. Automobiles ⟐243(3)—Testimony that truck "went out of sight" after striking automobile held admissible.**

In action · for damages to automobile knocked in front of approaching street car by defendant's truck, testimony that car "went out of ʼsightʼʼ after accident *held* ʼadmissible, as tending to show driverʼs understanding of what had occurred and contemporaneous spontaneous admission of wrong.

**15. Pleading ⟐430(1)—Variance between allegation and proof should be called to court's attention by objections to evidence (circuit court rule No. 34, Code 1923, vol. 4, p. 906).**

Under circuit court rule No. 34, Code 1923, vol. 4, p. 906, variance between allegation and proof should be called to court's attention by objection to evidence.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by L. E. Rich against the Ruffin Coal & Transfer Company. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under Code 1923, § 7326. Affirmed.

The amended complaint is as follows:

"The plaintiff claims of the defendant the sum of $1,500 as damages, for that heretofore, on, to wit, November 2, 1923, the plaintiff's automobile or motor vehicle was being operated or driven along Second avenue, near Fourth street, in the city of Birmingham, Jefferson ʼcounty, Ala., and the defendant, by and through its agent, servant, or employee, was operating or driving an automobile truck along said Second avenue, at or near Fourth street, in the city of Birmingham, Jefferson county, Ala., and, while so operating said automobile truck, caused it to run onto, against, or strike, plaintiff's said automobile, so as to knock or push it in front of an approaching street car, by which it was struck and damaged in the amount sued for.

"Plaintiff avers that his said automobile or motor vehicle was damaged as aforesaid as a proximate consequence of the negligent manner in which defendant's automobile truck was operated on said occasion by the agent, servant, or employee of this defendant, while acting in the line and scope of his employ, in this, that said agent or servant of defendant negligently caused its automobile truck to run into or against plaintiff's said automobile."

Huey & Welch, of Bessemer, for appellant.

The complaint was deficient and subject to demurrer. A. G. S. R. Co. v. Sheffield, 211 Ala. 250, 100 So. 125; W. Ry. of A. v. Turner, 170 Ala. 643, 54 So. 527; Code 1923, §§ 6264–6267; Ford v. Hankins, 209 Ala. 202, 96 So. 349; Crowley v. West End, 149 Ala. 613, 43 So. 359, 10 L. R. A. (N. S.) 801; M. & O. v. Christian, 146 Ala. 404, 41 So. 17. The affirmative charge for defendant should have been given. Morrison v. Clark, 196 Ala. 670, 72 So. 305; Overton v. Bush, 2 Ala. App. 623, 56 So. 852; G. S. Lbr. Co. v. Ollinger, 18 Ala. App. 518, 94 So. 177. Charge 15 correctly stated the law, and should have been given. Birmingham City Code, §§ 5, 50; Tenn. Mill Co. v. Giles, 211 Ala. 44, 99 So. 84; Ford v. Hankins, 209 Ala. 202, 96 So. 349; Acts 1911, p. 642, §§ 19, 20. Charge 8 was erroneously refused. 2 R. C. L. 1194. The distance run by the truck after the collision was not a part of the res gestæ. Teague v. Ala. Coca Cola Co., 209 Ala. 205, 95 So. 883; Edwards v. Earnest, 206 Ala. 1, 89 So. 729, 22 A. L. R. 1387; Babbett's Motor Vehicle Law (2d Ed.) §§ 1606, 1674. A verdict that is contrary to the instructions of the court and to the great weight of the evidence should not be permitted to stand. Standard Oil Co. v. Humphries, 205 Ala. 529, 88 So. 855; Talley v. Whitlock, 199 Ala. 36, 73 So. 976; L. & N. v. Rush, 208 Ala. 516, 94 So. 577; Robinson v. Crotwell, 175 Ala. 194, 57 So. 23.

Bumgardner & Wilson, of Bessemer, and Fred Fite, of Birmingham, for appellee.

The amended complaint was sufficient in its averments and not subject to demurrer. W. Ry. of A. v. Stone, 145 Ala. 663, 39 So. 723; B. R., L. & P. Co. v. Moore, 148 Ala. 115, 42 So. 1024; W. of A. v. Mitchell, 148 Ala. 35, 41 So. 427; Pizitz v. Cusimano, 206 Ala. 689, 91 So. 779; L. & N. R. Co. v. Quick, 125 Ala. 553, 28 So. 14. The question of negligence was for the jury, and the affirmative charge was properly refused. Vaughn v. Dwight Mfg. Co., 206 Ala. 552, 91 So. 77; Stull v. Daniel M. Co., 207 Ala. 544, 93 So. 583; Dye-Washburn v. Aldridge, 207 Ala. 471, 93 So. 512; Morrison v. Clark, 196 Ala. 670, 72 So. 305. Requested charge 8 did not correctly state the law. Overton v. Bush, 2 Ala. App. 623, 56 So. 852; G. S. Lbr. Co. v. Ollinger, 18 Ala. App. 518, 94 So. 177. It was not proper to ask the witness what he would have given for the car. Vernon v. Wedgeworth, 148 Ala. 490, 42 So. 749. Counsel discuss other questions, but without citing additional authorities.

SAYRE, J. [1] The statement of the case sets out the complaint as amended. Defend-

ant's demurrer was properly overruled. The locus in quo of the accident is described as "on Second avenue, near Fourth street, in the city of Birmingham, Jefferson county, Ala.," and this was sufficient to apprise the defendant of the place of the negligence complained of, to the end that its defense might be intelligently prepared. In some of the cases cited by defendant to this point definite location, as for example, whether plaintiff was on defendant's railroad track, was necessary in order to show a duty owing from defendant to plaintiff. But that requirement was fully complied with in this case. The complaint showed that plaintiff's automobile was in the public road where it had a right to be.

[2] Nor is the complaint demurrable in failing to show that defendant's alleged negligence was the proximate cause of plaintiff's injury and damage. The allegation of proximate consequence, which is but another way of alleging proximate cause, is explicit, unequivocal, and sufficient.

[3-6] The question of proximate cause is appropriately discussed with reference to the affirmative charge requested by defendant, but without avail. Plaintiff's automobile was being driven along the street at a short interval behind another automobile. Along the street ran two lines of street car rails. Overtaking defendant's motor truck, the foremost automobile passed to the left. Plaintiff's automobile followed, but, as its front wheel drew up opposite the rear wheel of the truck, the latter, as plaintiff's evidence tended to show, suddenly and without warning turned to the left, came into contact with plaintiff's car, and threw it over upon the street car track, so that a street car, moving in the opposite direction and reaching the spot just at that moment, came into collision with plaintiff's car, wrecking it. The question of proximate cause, in its legal acceptation, is, or ought to be, a practical question of common sense. Quite a number of definitions are quoted in Dye-Washburn Co. v. Aldridge, 207 Ala. 471, 93 So. 512. Chief Justice Stone quotes a widely accepted definition in Western Railway v. Mutch, 97 Ala. 194, 11 So. 894, 21 L. R. A. 316, 8 Am. St. Rep. 179. See, also, L. & N. v. Quick, 125 Ala. 553, 28 So. 14; 22 R. C. L. 110. There must be a natural and unbroken sequence between the wrong complained of and the injury suffered —without intervening independent cause. Defendant suggests the street car as an independent efficient intervening cause of plaintiff's injury. But, if defendant's agent was at fault, was guilty of actionable negligence, in bringing about the collision between its truck and plaintiff's automobile—and without such negligence there could be no recovery—it is clear enough that there was no lack of proximate causal connection between the negligence charged and the damage so suffered, and that the presence of the street car served only to aggravate the damage already done

in much the same way as if plaintiff's car had been thrown against a stone wall standing in the same place. It is a commonly recognized principle of law "that if a new force or power intervenes, sufficient of itself to stand as the cause of the misfortune, the other must be considered as too remote." Miles v. Hines, 205 Ala. 86, 87 So. 837. We think that in the case supported by plaintiff's evidence the jury might very well have found that the operation of the street car was not sufficient of itself to stand as the cause of plaintiff's misfortune; that so much of the damage as was done by the collision between plaintiff's automobile and the street car would not have been suffered but for the negligence alleged in the complaint and was the proximate consequence of that negligence. "The logical rule in this connection, the rule of common sense and human experience as well, * * * is that a person guilty of negligence should be held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which in fact existed, whether they could have been ascertained by reasonable diligence or not, would, at the time of the negligent act, have thought reasonably possible to follow, if they had occurred to his mind." Armstrong v. Street Railway, 123 Ala. 233, 26 So. 349.

[7-9] So, also, the question of negligence on the part of defendant's agent in charge of its truck was a question for jury decision. There was evidence from which the jury may have inferred knowledge on the part of defendant's agent that plaintiff's automobile was about to pass to the front of the truck; that shortly before the accident the driver of the truck had looked back—though possibly or probably his attention at that moment was fixed upon the automobile just in front of plaintiff's—that immediately before attempting to pass to the front plaintiff's agent gave the signal customary in such cases; and that defendant's driver without any cautionary signal turned suddenly to the left. These were questions for the jury, as was the question of the contributory negligence of the driver of plaintiff's automobile. If there was ample room in which to pass between the street car and the truck moving forward as it had been and plaintiff's agent had no reason to anticipate the truck's sudden turn— and plaintiff's evidence tended to support these hypotheses—then the ultimate question of contributory negligence was properly submitted to the jury. Overton v. Bush, 2 Ala. App. 623, 56 So. 852. Appellant cites Morrison v. Clark, 196 Ala. 670, 72 So. 305, as authority for the proposition that it was negligence on the part of plaintiff's driver to attempt to pass the truck before ascertaining that the driver thereof had been made aware of his purpose, and says that there was no evidence that the truck driver knew of the approach of plaintiff's automobile. We have stated the tendencies of the evidence. From

it the jury may have inferred knowledge on the part of defendant's driver, and, moreover, "it is for the jury to say whether the circumstances were such that the person driving in advance should, in the exercise of reasonable care, have looked behind or sideways." Rand v. Syms, 162 Mass. 163, 38 N. E. 196. This is reasonable doctrine as applied to the facts in this case and is not contradicted by anything said in Morrison v. Clark.

[10] Charge 15, requested by defendant and refused by the court, appears to have been intended to bring to the attention of the jury certain provisions of the ordinances of the city of Birmingham. But we are not informed of any ordinance providing that an automobile overtaking another automobile "must not undertake to pass to the left while a street car is passing the automobile sought to be passed." The ordinance provides that automobiles shall not pass a street car stopped or stopping to discharge or take on passengers—this for the protection of passengers; but that provision has no field of operation in the facts of this case.

[11] Charge 8, requested by defendant, was properly refused because it predicated the duty of defendant's driver upon actual knowledge that plaintiff's automobile was near at hand and desired to pass, whereas, as we have seen, it was for the jury to say under all the circumstances whether defendant's driver was derelict in failing to inform himself of the presence and intention of plaintiff's agent and in giving some cautionary signal evidencing his intention to turn.

[12] Charge 18, requested by defendant, was abstract, and therefore properly refused.

[13] There was no error in sustaining plaintiff's objection to defendant's question to the witness Greenburg on cross-examination: "Would you have given that much for it before the wreck?"—meaning $400 or $500. The witness had deposed that, "A car of that model in good condition I presume would probably be worth around $400 or $500, more or less"; but he had said also in the same connection that he had never seen the car before the wreck and could not approximate its value at that time. There was no error. There was no request for the witness' opinion as to value; nor was there evidence that the witness had an opinion, or that, if he had, it would have been worth the paper required to record this item of judgment.

[14] There was no error in allowing plaintiff to show how far defendant's truck ran from the place where the accident happened. The witness answered: "When out of sight." This shed some light perhaps—at least the jury may have so found with reason—upon the driver's understanding at the time of what had occurred; may have been properly accepted as in the nature of a contemporaneous, spontaneous admission of wrong.

[15] If there was a variance in any particular between allegation and proof, that was a matter that should have been called to the court's attention by an objection to the evidence. Circuit court rule No. 34, Code of 1923, p. 906, vol. 4.

The assertion, made on the motion for a new trial, that the jury went contrary to the court's instruction in rendering their verdict cannot be sustained. There was nothing further needing comment. The motion was overruled without reversible error.

Affirmed.

GARDNER, MILLER, and BOULDIN, JJ., concur.