### WHITMAN v. MOBILE & O. R. CO.
(1 Div. 465.)

Supreme Court of Alabama. Dec. 22, 1927.

**1. Negligence ⬳58—Where injury does not naturally and reasonably follow according to ordinary course of events, act is not "proximate cause."**

Where act and injury are not known by common experience to be naturally and reasonably in sequence and injury does not follow from act in ordinary course of events, they are not sufficiently connected to make act "proximate cause" of injury.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate Cause.]

**2. Railroads ⬳464—Complaint alleging personal injuries to property owner attempting to extinguish fire caused by railroad's negligence did not show liability.**

Complaint against railroad, alleging that railroad negligently ignited grass and weeds on its right of way, that fire spread and endangered plaintiff's buildings, and that plaintiff was injured in attempt to extinguish fire, by wrenching or injuring her right side, shoulder, and back, while procuring buckets of water and throwing them on fire, *held* not to show that railroad's negligence was proximate cause of injury.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Action by Sophronia Whitman against the Mobile & Ohio Railroad Company. The trial court struck allegations of damages from the complaint, and plaintiff, having taken a suit, appeals. Affirmed.

Alex. T. Howard, of Mobile, for appellant.

The act of the plaintiff was a consequence of the wrongful act of the defendant, was the natural result of defendant's original negligence. Ill. Central R. Co. v. Siler, 229 Ill. 390, 82 N. E. 362, 15 L. R. A. (N. S.) 819, 11 Ann. Cas. 368. In tort action damages can be recovered for injuries which proximately follow from the wrongful act, whether such injury was or could have been anticipated or not. Wilson v. Northern Pacific, 30 N. D. 456, 153 N. W. 429, L. R. A. 1915E, 991; Ill. Central R. Co. v. Thomas, 109 Miss. 536, 68 So. 773.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellee.

To constitute proximate cause, there must be a natural and unbroken sequence between the wrong complained of and the injury suffered, without intervening independent cause. Ruffin Coal Co. v. Rich, 214 Ala. 635, 108 So. 596; Western Ry. v. Mutch, 97 Ala. 196, 11 So. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179. When the act and the injury are not known by common experience to be naturally and usually in sequence, and the injury does not, according to the ordinary course of events, follow from the act, they are not sufficiently connected to make the act a proximate cause. 29 Cyc. 528; M. & O. R. Co. v. Christian Moerlein, 146 Ala. 407, 41 So. 17; Armstrong v. Montgomery S. R. Co., 123 Ala. 233, 26 So. 349. Plaintiff's injuries were remote, and she cannot recover. Seale v. Gulf, etc., Co., 65 Tex. 274, 57 Am. Rep. 602; Logan v. Wabash R. Co., 96 Mo. App. 461, 70 S. W. 734; Chattanooga L. & P. Co. v. Hodges, 109 Tenn. 331, 70 S. W. 616, 60 L. R. A. 459, 97 Am. St. Rep. 844; Pike v. Grand Trunk R. Co. (C. C.) 39 F. 255.

ANDERSON, C. J. [1] Our court has repeatedly dealt with and defined "proximate cause," and it is needless to repeat what has been said on this subject. Western Railway of Alabama v. Mutch, 97 Ala. 196, 11 So. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179; Mobile & O. R. Co. v. Christian Moerlein Brewing Co., 146 Ala. 407, 41 So. 17; Armstrong v. Montgomery St. Ry. Co., 123 Ala. 233, 26 So. 349; Southern R. Co. v. Peters, 194 Ala. 94, 69 So. 611. "When the act and the injury are not known by common experience to be naturally and reasonably in sequence and the injury does not according to the ordinary course of events follow from the act, they are not sufficiently connected to make the act a proximate cause." 29 Cyc. 528.

[2] The negligence charged in the present complaint was the igniting of grass and

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

weeds on defendant's right of way, said fire growing and reaching plaintiff's premises and endangering her buildings, and that she was injured, not by the fire while attempting to extinguish same, but that she wrenched or injured her right side and shoulder as well as her back while procuring buckets of water and throwing same on said fire. We have no case in this state in point, but the cases of Seale v. Gulf, C. & S. F. Ry. Co., 65 Tex. 274, 57 Am. Rep. 602, and Logan v. Wabash R. Co., 96 Mo. App. 461, 70 S. W. 734, in effect, hold even where the owner of the premises attempts to extinguish the fire and is thereby burned that the negligence of the defendant in setting out the fire was not the proximate cause of the injury, but that there was a separate intervening cause to which the injury must be ascribed. On the other hand, the Illinois court, in the case of Illinois Central R. Co. v. Siler, 229 Ill. 390, 82 N. E. 362, 15 L. R. A. (N. S.) 819, 11 Ann. Cas. 368, declined to follow the above-mentioned cases and held that it was a question of fact as to whether or not the negligence of the defendant was the proximate cause when the party injured was attempting in a reasonable, prudent manner to extinguish the fire and was burned. This Illinois case finds support in other states. See note 15 L. R. A. (N. S.) 819. These cases proceed upon the theory that it is the duty of the owner in case of fire to save or protect his property when he can safely do so, that is, under such circumstances as would not render him guilty of contributory negligence, and if he is thereby burned the injury can be ascribed to the negligence of the defendant, and that the reasonable efforts of the owner to prevent or mitigate the damages need not necessarily be a separate and intervening cause not within the contemplation of the natural result of the defendant's wrong in setting out the fire. This Illinois case and the authorities relied upon, however, do not go to the extent of holding that the defendant has a reason to anticipate or contemplate that the owner will or may injure himself through the method adopted or pursued in extinguishing the fire, and we are not willing to extend the rule beyond the holding of the Illinois court even if we concede that the criticism of the Texas and Missouri cases is logical, a point, however, not necessary to decide, in reaching a result in the case in hand.

The appellant gets some comfort out of the case of Wilson v. Northern Pac. R. Co., 30 N. D. 456, 153 N. W. 429, L. R. A. 1915E, 991. That case seems to involve a statute of North Dakota fixing the damages in tort actions—whether it could have been anticipated or not, but whether based on the statute or not we do not feel authorized to extend the law to that extent.

The trial court did not err in striking the claim for damages from the complaint, and the judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and BOULDIN, JJ., concur.