(120 So. 149)

**HOLT v. FOUNTAIN et al.   (1 Div. 483.)**

Supreme Court of Alabama.   Jan. 31, 1929.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

662

Smiths, Young & Johnston, of Mobile, and Joe M. Pelham, Jr., of Chatom, for appellant.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellee Fountain.

The elements of damage stricken from the complaint do not follow in natural sequence the usual, ordinary, and experienced course of events from the alleged act complained of. West. Ry. of Ala. v. Mutch, 97 Ala. 194, 11 So. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179; Ruffin Coal Co. v. Ritch, 214 Ala. 633, 108 So. 596; M. & O. R. Co. v. Christian Moerlein Brew. Co., 146 Ala. 404, 41 So. 17; Armstrong v. Montgomery S. R. Co., 123 Ala. 233, 26 So. 349; Whitman v. M. & O. R. Co., 217 Ala. 70, 114 So. 912; Crowley v. West End, 149 Ala. 613, 43 So. 359, 10 L. R. A. (N. S.) 801.

PER CURIAM. The material averments of the complaint appear in the foregoing statement of the case.

The only question here presented is the action of the court in striking from the complaint the elements of damage claimed therein, that plaintiff contracted pneumonia, and her constitution was weakened and undermined as a proximate result of the alleged negligent act of defendant in causing or permitting the highway to remain unsuitable for safe travel by reason of loose dirt and mud. and thereby causing the car in which plaintiff was riding to become mired or stuck in the mud.

The cause was originally assigned to Justice GARDNER, who prepared the opinion in the case, but upon consideration of the cause in consultation a majority of the court were not in accord therewith, but entertain the opinion that, in view of the explicit aver-

ments of the complaint showing a direct causal connection between the negligence alleged and the consequential injury, the motion to strike should have been overruled, and the question presented as one of fact. The majority further think that this conclusion is not in conflict with the authorities noted in the opinion of Justice GARDNER, which is set out below as the dissenting opinion in the cause.

It results that the judgment is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, THOMAS, BOULDIN, and FOSTER, JJ., concur.

BROWN, J., not sitting.

GARDNER, J. (dissenting). In the recent case of Whitman v. Mobile & O. R. Co., 217 Ala. 70, 114 So. 912, we quoted approvingly the following from the text of 29 Cyc. 528: "When the act and the injury are not known by common experience to be naturally and reasonably in sequence and the injury does not according to the ordinary course of events follow from the act, they are not sufficiently connected to make the act a proximate cause." To like effect is the language of this court in Western Ry. of Alabama v. Mutch, 97 Ala. 194, 11 So. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179.

The expression approved in L. & N. R. Co. v. Quick, 125 Ala. 553, 28 So. 14, was as follows: "If the wrong and the resulting damage are not known by common experience to be naturally and usually in sequence, and the damage does not, according to the ordinary course of events, follow from the wrong, then the wrong and damage are not sufficiently conjoined and concatenated as cause and effect to support an action." And in Ruffin Coal Co. v. Rich, 214 Ala. 633, 108 So. 596, the court said: "The question of proximate cause, in its legal acceptation, is, or ought to be, a practical question of common sense. * * * There must be a natural and unbroken sequence between the wrong complained of and the injury suffered —without intervening independent cause. * * * 'The logical rule in this connection, the rule of common sense and human experience as well, * * * is that a person guilty of negligence should be held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which in fact existed, whether they could have been ascertained by reasonable diligence or not, would, at the time of the negligent act, have thought reasonably possible to follow, if they had. occurred to his mind.' Armstrong v. Street Ry. Co., 123 Ala. 233, 26 So. 349."

Applying the principles of these authorities to the instant case, I am persuaded the trial court did not err in its ruling. As a practical question of common sense, and in

the light of common experience, I do not think it can be said that the contraction of pneumonia or other serious illness would naturally and usually follow, in the ordinary course of events, the negligent act of permitting the road to be in such condition as to cause a car to sink in the mud or mire. Or, to state it differently and in the language of the Armstrong Case, supra, it is not such an injury as a prudent and experienced person, fully acquainted with all the circumstances which in fact existed, would have thought reasonably possible to follow, if they had occurred to his mind. I consider the case of Whitman v. Mobile & O. R. Co., supra, here very much in point, as well also by analogy Davison v. The Maccabees, 217 Ala. 100, 114 So. 907. See, also, Crowley v. City of West End, 149 Ala. 613, 43 So. 359; Woodward Iron Co. v. Gamble, 203 Ala. 20, 81 So. 810; Culver v. Hill, 68 Ala. 66, 44 Am. Rep. 134; Hart v. Coleman, 201 Ala. 345, 78 So. 201, L. R. A. 1918E, 213.

The cases cited by appellant (Louisville & N. R. Co. v. Dancy, 97 Ala. 338, 11 So. 796, Louisville & N. R. Co. v. Quick, 125 Ala. 553, 28 So. 14, and Cent. of Ga. R. Co. v. Barnitz, 198 Ala. 156, 73 So. 471) deal with the question of liability of the common carrier who carries the passenger beyond the point of his destination. In such cases there is a high degree of care due by the carrier to the passenger, and upon a breach of such a duty, as above outlined, the carrier must be held to anticipate such exposure upon return by the passenger to the point of contract destination and damages resulting therefrom. But considerations of this character do not obtain in the instant case.

I do not think that a prudent and experienced person would consider it reasonably possible that, as a result of the bad condition of the road, a traveler would so expose himself to the inclemency of the weather an entire night and contract pneumonia thereby. It does not follow "in the ordinary course of events."

I think the trial court correctly ruled, and respectfully dissent.

ANDERSON, C. J., concurs in the foregoing views.