(137 So. 663)

## BRADEN v. ST. LOUIS–SAN FRANCISCO R. CO.

### 6 Div. 780.

Supreme Court of Alabama.

Oct. 22, 1931.

Rehearing Denied Dec. 3, 1931.

J. J. Ray, of Jasper, for appellant.

660

Bankhead & Bankhead, of Jasper, for appellee.

PER CURIAM.

Affirmed on the authority of Whitman v. M. & O. R. R. Co., 217 Ala. 70, 114 So. 912; Southern Ry. Co. v. Peters, 194 Ala. 94, 69 So. 611.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, and BROWN, JJ., concur.

SAYRE, J., not sitting.

FOSTER, J. (dissenting).

In an article by Prof. Beale in Harvard Law Review, vol. 23, No. 5, the subject of "The Proximate Consequences of an Act," is analyzed as follows:

"Since, as we have seen, the closest causal connection possible is that between an active force and its direct result, whatever conse-quences may be proximate certainly this one must be. It is well settled, therefore, that a direct result of an active force is always proximate. * * *

"Though there is an active force intervening after defendant's act, the result will nevertheless be proximate if the defendant's act actively caused the intervening force. In such a case the defendant's force is really continuing in active operation, by means of the force it stimulated into activity. * * *

"The defendant by his act may put some one in danger of loss (or of further loss), and that person may thus be caused to act defensively; the direct result of this defensive act is a proximate result of defendant's act. The intervening actor is usually the person whose rights are endangered by defendant's act. * * *

"If the defendant's active force has come to rest, but in a dangerous position, creating a new or increasing an existing right of loss, and the foreseen danger comes to pass, operating harmfully on the condition created by defendant and causing the risked loss, we say that the injury thereby created is a proximate consequence of the defendant's act."

The cases cited in his notes indicate that he is largely putting in text form the result of opinions of many courts on the subject. This is not in conflict with our cases as a rule, though not usually thus expressed, but it is in effect approved in our case of Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 580, 119 So. 610.

In the case of Holt v. Fountain, 218 Ala. 661, 120 So. 149, the question was whether the complaint showed that a certain specific nature of ailment was the proximate result of the defendant's negligence. It alleged that such was the fact. The authorities noted in the dissent state the rule of proximate causation as expressed in our cases. But in my opinion they are generally consistent with the foregoing conclusions of Prof. Beale, with the exception of Whitman v. M. & O. R. R. Co., 217 Ala. 70, 114 So. 912, to which I will refer later.

A case very frequently cited and quoted is Armstrong v. Montgomery St. Ry. Co., 123 Ala. 233, 26 So. 349. The question was whether death caused by blood poison from having the fingers crushed in a fall from a street car was the proximate result of such fall. I think all authorities would probably agree with the conclusion that it was the proximate result.

In the case of Ruffin Coal & Transfer Co. v. Rich, 214 Ala. 633, 108 So. 596, it is well said that the question of proximate cause is or ought to be a practical one of common sense, and that an intervening independent cause breaks the sequence of events. It quotes from the above case to illustrate that thought.

Another case often cited is Louisville & N. R. R. Co. v. Quick, 125 Ala. 553, 28 So. 14. The court there found that the matters which caused plaintiff's damage were independent of defendant's negligence, because they did not according to the ordinary course of events follow from it.

In Western Ry. v. Mutch, 97 Ala. 194, 11 So. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179, plaintiff's conduct in trying to board a train exceeding the speed limit was an independent cause of his injuries, and the excess of speed was not the proximate cause. That is so because plaintiff's conduct was not stimulated as an ordinary result of such speed, and did not follow in the natural course of events.

In the case of Southern Ry. Co. v. Peters, 194 Ala. 94, 69 So. 611, plaintiff was not making an effort to minimize his damages in the performance of a duty he owed defendant.

When the immediate cause of the injury is an intervening event, the question then is to determine whether such intervening event is itself a direct result of the negligent act. And, when our courts and other authorities say that the injury must be known by experience to follow the negligent act in a natural and reasonable sequence, I think that this is so, if it follows as the direct result of some other cause, which is itself the natural and reasonable result of the negligent act. It is not necessary that every detail of result be contemplated if such detail directly follows from a cause which is the ordinary and natural result of the negligence, for such cause is not in that event an independent one. Alabama Power Co. v. Bass, 218 Ala. 586, 119 So. 625, 63 A. L. R. 1; 25 R. C. L. 125; Bigbee Fertilizer Co. v. Scott, 3 Ala. App. 333, 56 So. 834; 17 Corpus Juris, 751; Postal Tel. Cable Co. v. Hulsey, 132 Ala. 444 (18), 31 So. 527; Birmingham Water Works Co. v. Martini, 2 Ala. App. 652, 56 So. 830; 22 R. C. L. 134; 17 Corpus Juris, 735, 736.

There seems to be no conflict of authority that, if a railroad causes the property of another to be set on fire, and its owner undertakes to extinguish it, he is doing his duty. Therefore, if such effort is of a nature that is ordinarily natural, it should be held to be stimulated and set in motion by the conduct of the railroad. A majority of the cases agree that injuries received in such effort are the proximate result of starting the fire. A review of them is made in 51 Corpus Juris, 1171, 1172, and Illinois Central R. Co. v. Siler, 229 Ill. 390, 82 N. E. 362, 15 L. R. A. (N. S.) 819 et seq., 11 Ann. Cas. 368. Our case of Whitman v. M. & O. R. R. Co., supra, denied the existence of liability for injuries caused by "the method adopted or pursued in extinguishing the fire." But I think that, if such method thus pursued was one which an ordinary person would naturally do, his pursuit of it was not an independent cause. 17 Corpus Juris, 736; 22 R. C. L. 147. I fear that in the opinion in that case this idea is not given effect.

My view is that there is no distinction in principle between injuries sustained by the owner in an ordinary effort to extinguish the fire, whether they were burns from the fire, or were caused otherwise in the pursuit of such effort, if without negligence on his part. If they were not the pursuit of ordinary natural efforts, they should be classed as an independent cause. 17 Corpus Juris, 736. And when the complaint alleges that they were the proximate result of the defendant's act, and this allegation is not inconsistent with the fact that plaintiff was injured as a result of his own conduct in a proper effort to extinguish the fire, we should not on demurrer affirm that it was not the proximate result of such act of defendant. Plaintiff's negligence is not presumed, and, if the facts alleged do not affirmatively show his negligence, but show that they were such as may have occurred without such negligence, the issue should be raised by a plea of contributory negligence.

There is no other claim that the complaint is defective. My judgment is that the demurrer on that ground should have been overruled. I therefore wish to register my dissent.

On Rehearing.

PER CURIAM.
Application for rehearing overruled.

ANDERSON, C. J., and GARDNER, THOMAS, and BOULDIN, JJ., concur.

BROWN, FOSTER, and KNIGHT, JJ., dissent.