60 So.2d 252

### CAMPBELL et al. v. JACKSON.
8 Div. 633.

Supreme Court of Alabama.
June 19, 1952.

Rehearing Denied Aug. 27, 1952.

F. W. Davies and Davies & Williams, Birmingham, for appellants Campbell.

Brown, Scott & Dawson, Scottsboro, and Chas. J. Scott, Fort Payne, for appellants Mitchell.

H. T. Foster, Scottsboro, and H. G. Bailey, Boaz, for appellee.

SIMPSON, Justice.

The action was brought under the homicide act, Code 1940, Title 7, § 119, for the wrongful death of plaintiff's minor son, who was run over by the truck of one of the defendants as it undertook to pass the standing truck-trailer of the other defendant. The complaint counted upon the concurrent negligence of the several defendants.

The suit joined as defendants Emory Campbell, doing business as Campbell Cotton Company, and his agent, Fred Doyle Thomas, the owner and driver, respectively, of a truck-trailer; and Sand Mountain Gin Company (a partnership composed of C. O. and A. G. Mitchell) and their agent, Billy Jack Mitchell, driver of the truck which ran over the little boy. For purposes of convenient identification, we will hereafter refer to the two sets of defendants as the Campbell defendants and the Mitchell defendants.

The case was tried upon Counts 2 and 3 of the complaint, to which demurrers were overruled. The theory of these counts, to state it generally, is that the Campbell truck-trailer was negligently parked, in violation of Title 36, § 25, Code, on the paved or main traveled portion of a highway, when it was practicable to have left it off the highway; and that the driver of the Mitchell truck so negligently operated said truck in passing the Campbell truck-trailer that said Mitchell truck was caused to run over and kill plaintiff's intestate.

If negligence of the drivers be established, there will be no question as to the liability of the owners of the trucks, it having been admitted in open court that the drivers of the two vehicles were the agents or servants of the owners and were acting within the line and scope of their employment.

There was a single judgment in favor of plaintiff against all defendants. Separate assignments of error are made by the two sets of defendants. The chief questions presented on appeal relate to the overruling of demurrers to the complaint and the refusal of the affirmative charges requested by each set of defendants. Other incidental questions will be hereinafter referred to.

For purposes of our review, there is no material difference between the two counts of the complaint. Count 2 alleges that Campbell, acting by and through his agent, servant or employee, Thomas, then and there acting within the line and scope of his employment, "was operating an automobile truck and trailer upon and over Highway No. 35 in Jackson County, Alabama, and at a point on said highway in front of Duncan's store, said store now being operated by Ira Dawson, at Duncan's Cross Roads in Jackson County, Alabama, so negligently parked said automobile truck and trailer on the black top or main traveled portion of said Highway No. 35 in such a manner that less than fifteen (15) feet upon the main traveled portion of said highway opposite said standing vehicle was left for free passage of other vehicles. And plaintiff avers that it was then and there practicable to park or leave the automobile truck and trailer standing or parked off of the paved and main traveled portion of said highway; and the defendant, Sand Mountain Gin Company * * * at said time and place, acting by and through its agent, Billy Jack Mitchell, who was then and there acting within the line and scope of his employment, was operating an automobile truck along, upon and over said Highway No. 35; that the said Billy Jack Mitchell, as agent of said partnership

aforesaid, at said time and place so negligently operated the said automobile truck he was driving in passing the defendant's, Emory Campbell, automobile truck and trailer, which was negligently and unlawfully parked upon the paved portion of said highway as aforesaid, that he, the said Billy Jack Mitchell, ran or drove said automobile truck into, upon or against, or over plaintiff's infant son, Loil G. Jackson, who was then and there traveling upon said Highway No. 35, and thereby injured and killed him. All, plaintiff avers, was the proximate result of the defendant's Sand Mountain Gin Company, * * * and Billy Jack Mitchell's negligence, and the concurring negligence of Emory Campbell * * * and Fred Doyle Thomas, as aforesaid. Wherefore, the plaintiff avers as the proximate result of the defendants' negligence, as aforesaid, his son * * * was killed."

■ On behalf of the Campbell defendants it is insisted that the complaint was demurrable for that it failed to allege that the vehicle was parked outside of a business or residence district. Whether or not omission of such matter rendered the complaint defective, the asserted defect is not pointed out by any ground of the demurrer. This being so, nothing as to this is presented for our review. Code 1940, Title 7, § 236; Deslandes v. Scales, 187 Ala. 25, 65 So. 393.

■ The only other matter of pleading argued is that the complaint "was demurrable because it failed to allege the instrumentality which caused the alleged wrongful death of plaintiff's intestate." We find no ground of the demurrer vaguely resembling the stated objection. No reference is made in argument to any particular ground of the demurrer. Some of the argument seems to be addressed to grounds of the demurrer questioning the sufficiency of allegation as to proximate cause. We are unable to follow this reasoning. The counts very clearly show the instrumentality to have been the Mitchell truck, driven by Mitchell's agent while acting in the line and scope of his authority. The negligence of Campbell's agent, acting within the line and scope of his authority, in stopping or parking the trailer-truck on the paved part of the highway is alleged, along with the negligence of Mitchell's agent in driving his truck around the parked vehicle. It is alleged that the concurring negligence of the two was the proximate cause of the injury and death of intestate. If we are correct in interpreting counsel's argument as insisting that negligence is improperly charged to the master rather than the servants, such argument overlooks the rule that where the complaint charges negligence, as contradistinguished from wantonness, the negligent act may be charged against the defendant master, rather than to the servant acting within the scope of his duty. Bessemer Coal, Iron & Land Co. v. Doak, 152 Ala. 166, 44 So. 627, 12 L.R.A., N.S., 389.

■ The counts are drawn to state a cause of action arising out of violations of the rules of the road, and are in line with our holding in Capital Motor Lines v. Gillette, 235 Ala. 157, 177 So. 881, and other similar cases, and are good as against any of the grounds of demurrer assigned and insisted upon.

Both the Campbell defendants and the Mitchell defendants requested the affirmative charge, and it is strenuously insisted that refusal of said charges requires a reversal of the judgment. We conclude to the contrary.

With respect to Campbell, the evidence shows that his vehicle blew out a tire shortly before reaching the point opposite Dawson's store, where it was brought to a halt. This vehicle consisted of a truck, or tractor, and trailer, the two together measuring some thirty-five or forty feet in length. The trailer was loaded with fifty bales of cotton. It was equipped with dual wheels on the rear. The driver, Thomas, alighted, examined the tires and discovered the outer tire on the right rear of the trailer had blown out. He walked to Dawson's store in search of a telephone. Finding none, he returned to his truck and was making some further examination of the tire when the Mitchell truck approached from the rear. While it appears that the driver of the Mitchell truck had a clear view of the truck-trailer itself for some considerable distance and while there was said to be ample room on the paving for the

Mitchell truck to pass the Campbell vehicle, it appears without question that all wheels of the Campbell vehicle were standing on the paved or main traveled portion of the highway; that the place where it was parked was within a rural section, and not in a residence or business district as defined by § 1, Title 36, Code. The evidence tends most strongly to show that it was practicable for the Campbell truck to have been moved off the highway at the point, the surrounding terrain being well adapted to that purpose. Without dispute, all other tires on the trailer were up and the driver, Thomas, did, soon after the accident, move the vehicle in its then condition a distance of a quarter-mile up the road, disengage the trailer and drive the truck back to the scene of the accident.

The negligence of the driver of the Campbell vehicle depends upon whether or not the stopping or parking was in violation of the statute, Code, Title 36, § 25, supra. That statute makes it unlawful to "park or leave standing any vehicle, whether attended or unattended, *upon the paved or improved or main traveled portion of any highway,* outside of a business or residence district, *when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway;* provided, in no event shall any person park or leave standing any vehicle, whether attended, or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon," etc. (Italics supplied.) The terms of the statute which we have emphasized state the unlawful act, the violation of which is negligence per se, and constitute the law as applicable to this case. The proviso is operative only where it is impracticable to park or stop off the main traveled portion of the highway, and in nowise strikes out the requirement that the vehicle be left off the improved portion, if practicable. Winn v. Cudahy Packing Co., 241 Ala. 581, 4 So.2d 135.

On behalf of the appellants Campbell it is insisted that in the absence of evidence showing that *less* than fifteen feet of the improved portion of the highway for free passage of other vehicles was left by the standing vehicle, the Campbell defendants were entitled to the affirmative charge. This contention is unsustainable. Proof that the vehicle was stopped or parked on the improved or main traveled portion of the highway, outside of a residence or business district, when it was practicable to have left the vehicle off that portion was proof of a violation of the statute and therefore of negligence. As against any ground of the demurrer, the complaint is to be construed as charging both a violation of the enacting part (first clause underscored) and the proviso (second clause) of the statute. Proof, or lack of proof, with respect to the proviso would neither have strengthened nor detracted from the violation already shown. "* * * where a single count contains several distinct, independent averments, each presenting a substantive cause of action, proof of either cause will authorize a recovery * * *." Southern Ry. Co. v. Lee, 167 Ala. 268, 274, 52 So. 648, 650; Birmingham News Co. v. Little, 226 Ala. 642(3), 148 So. 398.

But it is contended by Campbell that the unlawful and negligent parking of his truck was not the proximate cause of the accident. There are many of our cases which indicate the fallacy of this contention. Typical is Capital Motor Lines v. Gillette, supra. The controlling principle is that the negligence of one obstructing the highway with a standing or parked vehicle may concur with that of one driving a moving vehicle, though acting independently, as the proximate cause of the collision or accident; that one who negligently creates a condition from which danger arises through other agencies reasonably to be anticipated may proximately contribute to the resultant injury, the statute under consideration charging one so obstructing a highway with knowledge of the danger incident thereto. The evidence brings Campbell well within the influence of this principle.

For other cases defining proximate cause see Chambers v. Cox, 222 Ala. 1, 130 So.

416; Braden v. St. Louis-San Francisco R. Co., 223 Ala. 659, 661, 137 So. 663; City of Tuscaloosa v. Fair, 232 Ala. 129, 136, 167 So. 276; Montgomery City Lines v. Jones, 246 Ala. 291, 297, 20 So.2d 599.

Thus, as we have shown, responsible negligence vel non on the part of the Campbell defendants was a question for the jury. The affirmative charge for them was refused without error.

■ With respect to Mitchell, the evidence shows that the driver of that truck proceeded on toward the standing Campbell vehicle, slowed down close behind it and then, with increased speed, proceeded to pass the Campbell truck on the left-hand side. At a point some fifteen feet in front of the standing vehicle the little boy came into view. Mitchell turned sharply to the left and applied his brakes, but nevertheless struck or collided with the boy, who was riding on a bicycle. Skid marks on the paving measured some thirty-five to forty feet. The truck ran off the road and came to rest in a ditch. The cotton-loaded trailer extended high above the road, inferentially obstructing, to a considerable extent, the view of any one approaching it either from the front or the rear. The driver of the Mitchell truck sounded no warning of his approach. The child was eleven years of age. The impact threw him under the Mitchell truck, the rear wheel passing over his body. From this brief resume of the evidence, it is clearly apparent that the question of negligence on the part of the driver of the Mitchell truck was one for the jury.

■ It is insisted that the trial court erred in refusing to defendants Mitchell Charge M 2, which reads: "I charge you that under the law Billy Jack Mitchell was under no duty to sound his horn in going around the parked truck." The basis of this insistence is that under Code, Title 36, § 12, it is only required that the horn be sounded by one overtaking a *moving* vehicle, and does not apply to one passing a standing vehicle. The trial court in its oral charge at first read § 12, supra, to the jury as a part of the law of the case. Upon objection on the part of defendants Mitchell, the court withdrew that part of the charge and carefully and fully instructed the jury that such statute was inapplicable to the case. The court, however, charged the jury that the duty of a driver to sound his horn upon passing a standing vehicle depended upon the circumstances of the particular case; and that in the particular case it was for the jury to determine whether an ordinarily prudent person in like circumstances would or would not sound his horn in making the passage. This was a correct exposition of the applicable law and to have given the requested charge, categorically affirming that no duty rested upon defendant Mitchell to sound his horn, would, in the light of the evidence, have been improper.

Other assignments of error are so clearly untenable that little separate treatment is required.

■ Plaintiff's Charge 3 was given without error. The exact principle was enunciated in Capital Motor Lines v. Gillette, supra, 235 Ala. 157(9), 177 So. 881.

■ Plaintiff's Charge B is governed by the same case and was also given without error.

■ Charge P 3 requested by Campbell was misleading in pretermitting to hypothesize on concurring proximate cause and was therefore refused without error.

Charge M 1 requested by Mitchell seeking to instruct the jury that the verdict should be by way of punishment only was fully covered in the court's oral charge.

Indeed, the oral charge of the court was exceptionally full and accurate in defining the issues presented by the pleadings and the evidence. No error to the prejudice of the several defendants is made to appear.

Affirmed.

LIVINGSTON, C. J., and BROWN and FOSTER, JJ., concur.